[No. 18431.  Department One.  March 27, 1924.]

A. J. McCutchen *et al., Respondents,* v. Minda Brink, *Appellant.*[1]

Specific Performance (24) — Damages (37) — Liquidated Damages—Effect of Stipulations—Breach of Contract by Vendee. The vendor's right to specific performance of a contract for the sale of land is not precluded by a claim that it shall be void and the initial payment forfeited as liquidated damages or the default of the purchaser.

Same (24)—Enforcement of Contract by Vendor—Attorney's Fees. An attorney's fee is properly allowed on a note specifically providing therefor, in an action on the note and to decree specific performance of a contract for the maker's purchase of land.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered April 27, 1923, upon findings in favor of the plaintiffs, in an action for specific performance, tried to the court. Affirmed.

*H. J. Welty (Thomas Neill,* of counsel), for appellant.

*LeRoy McCann,* for respondents.

Mackintosh, J.—This action is here upon findings of fact, conclusions of law and judgment. From them it appears that, in January, 1921, the respondents owned lots in the town of Garfield, which by written contract they agreed to sell to the appellant for the sum of $3,500, and which the appellant agreed to purchase for that sum. Two hundred dollars were paid in cash and the balance of $3,300 was paid by the giving of a promissory note, due November 1, 1921. At the time of the making of the contract, the respondents executed a deed which was placed in escrow to be delivered upon payment of the note. The fourth paragraph of the contract was as follows:

[1]Reported in 224 Pac. 605.

"It is expressly agreed that time is of the essence of this contract, and in case of default by the party of the second part, her heirs or assigns, in any of the conditions above stipulated to be performed by her, then and in that case, this contract shall become void and the party of the second part shall have forfeited her rights hereunder, and said premises shall revert to and revest in said first parties without any declaration of forfeiture or act of re-entry, or any other act to be performed by said first parties, and any payments that shall have been made, shall become forfeited to the parties of the first part, which said payments it is hereby especially agreed shall in that case be deemed as damages hereby liquidated for the nonperformance of this contract by said second party."

The note was never paid and this action was commenced for the sum of $3,300, costs and attorney's fee, and to compel the appellant to accept the deed.

The judgment from which this appeal is taken complies with the prayer of the respondents' complaint. It is the theory of the appellant, to quote her, that "the parties to the contract provided therein for the remedy in case of breach of its conditions, namely, that in case of failure to make the payments at the time mentioned, the contract should be void and all rights of the vendee should be forfeited and all payments made should be deemed liquidated damages, and having thus provided the remedy for the breach of the contract, that remedy is exclusive." In other words, that the vendor had only one remedy for the breach by the vendee, and that it is not the usual case where the vendor had the choice of either compelling specific performance or of declaring the contract at an end and retaining the liquidated damages therein provided.

This question is not a new one and has been determined adversely to the appellant's theory. In *Asia Investment Co. v. Levin,* 118 Wash. 620, 204 Pac. 808,

the question was thoroughly considered, and it was there said:

"What is probably the most difficult question in this case now presents itself, and that is, whether this provision in the contract in regard to liquidated damages should be interpreted as an agreement between the parties so that the vendor's right to specific performance has been foreclosed. In other words, whether the language of the phrase which we have set out means that all the rights of the vendor under the contract have been settled, and that the sole relief for the vendee's failure to comply lies in the retention of the amount agreed upon as liquidated damages. Although vendors have the right either to a suit in law for damages or one in equity for specific performance, they can, by so agreeing in the contract, waive their right to recourse to either or both of those remedies, and if it appears that the vendor has agreed that liquidated damages shall be the exclusive resort, or, on the other hand, that he may only maintain an action for specific performance, full effect will be given to such an agreement. We are called on, then, to interpret the meaning of the phrase, 'the same being in settlement of and being hereby fixed as liquidated damages.' Assuming that this phrase is ambiguous, it should be given such interpretation as not to deprive the parties using it of their rights. Unless it is clear that it was the intention that the parties definitely decided to limit their rights, the courts will not interpret language to have that effect. In other words, language in contracts which is subject to two interpretations will be so interpreted as to preserve the rights of all the parties, rather than be interpreted in such a way as to destroy the rights of either one. Applying this rule to the language here, it would seem that the proper interpretation to give it is that the $500 paid should be taken 'in settlement of . . . liquidated damages,' the amount of which 'being hereby fixed as liquidated damages.' This interpretation preserves to both the parties all the rights they would have under the contract, whereas an interpretation which would hold that the words 'in settlement of' re-

ferred to the settlement of all the rights of the parties under the contract, would result in depriving the vendor of his right to resort to an action for specific performance. In the case of *Wright v. Suydam, supra,* the contract provided for liquidated damages, and 'neither party shall be put to any further liability,' yet in that case this court allowed the vendee to compel specific performance, although holding that the language just quoted prevented the vendor from compelling specific performance.

"Being satisfied that this contract was one of purchase and sale, and that the provision contained in it is one for liquidated damages, we are in agreement with the trial court in holding that the respondent is entitled to specific performance. . . ."

That decision is in harmony with the general rule as announced in 27 R. C. L. 613:

"As a general rule provisions in effect authorizing a forfeiture of the contract for default of the purchaser in paying installments of the purchase money confer on the vendor an additional remedy which it is optional with him to take advantage of, and the courts are not inclined to permit the purchaser to take advantage of his own default and escape further liability on the contract unless its terms clearly require this construction. And a provision for the forfeiture of a deposit or payments on the failure of the purchaser to perform will not necessarily deprive the vendor of his right to have specific performance of the contract."

And in 39 Cyc. 1343, it is stated:

"Contracts of sale frequently contain provisions; such as, that in case of a default in performance or in the payment of installments the contract shall be void, or that the vendor shall be released from any obligation to convey and the purchaser shall forfeit all rights to the property and to the payments made. Whether such provisions make time of the essence of the contract depends upon the intention of the parties as shown by a proper construction of the entire agree-

ment. Ordinarily it is held that provisions of this character are for the benefit of the vendor alone who may insist upon them or not at his option, and that consequently a default in payment by the purchaser will not terminate the contract so as to preclude an action by the vendor for the purchase-money.''

The supreme court of the United States, in *Stewart v. Griffith*, 217 U. S. 323, 54. Law Ed. 782, had under consideration a contract which provided that, ''in case the remainder of the first half of the purchase price be not paid on November 7, 1903, then the sum of $500 so paid to the said Griffith is to be forfeited, and the contract of sale and conveyance to be null and void, and of no effect in law, otherwise to be and remain in full force.'' The syllabus of the decision of that court is:

''The vendor may elect either to insist upon the forfeiture or enforce specific performance after default in payment of the balance of the purchase price, under a contract which provides that if such balance be not paid on a specified date, the amount paid 'is to be forfeited, and the contract of sale and conveyance to be null and void and of no effect in law' where the sum paid is stated to be 'part purchase price of the total sum to be paid,' the land is described as 'being sold' and the purchase price 'is to be' divided, and the notes secured by mortgage 'to be given' and in the case of a lot reserved, the vendor 'shall have paid to him' a specified sum if he elects to abandon it.''

Justice Holmes, in writing the opinion, said:

''The condition plainly is for the benefit of the vendor, and hardly less plainly for his benefit alone, except so far as it may have fixed a time when Stewart might have called for performance if he had chosen to do so, which he did not. This being so, the word void means voidable at the vendor's election, and the condition may be insisted upon or waived, at his choice.''

The appellant calls attention to the case of *Potter Realty Co. v. Derby,* 75 Ore. 563, 147 Pac. 548, decided

by the supreme court of Oregon, which seems to hold contrary to our decisions, but if so, it is an exception to the rule announced by the majority of the courts and does not seem to be supported by any cited authorities. Attention is also called to the decisions of this court in *Drown v. Ingles,* 3 Wash. 424, 28 Pac. 759, and *Pease v. Baxter,* 12 Wash. 567, 41 Pac. 899. In the first of these cases the action was begun by the vendee, who had failed to make the payments called for in a contract which provided that "the failure to make any payment herein as the same becomes due shall work an absolute forfeiture of and *shall release the vendor from all obligation to convey said property."* It plainly appeared there that on a breach by the vendee the vendor was under no obligation to perform, a state of facts clearly distinguishable from those here under consideration. The second case, that of *Pease v. Baxter, supra,* determined the right of a vendor to declare a forfeiture of payments made upon the failure of the purchaser to comply with the terms of the contract. This is clearly not in point in the discussion before us.

Another point raised by the appellant is that the court improperly allowed an attorney's fee, that this being an action in equity for specific performance, an attorney's fee is not allowable. Although in some respects an action to compel specific performance, this is also an action to recover upon the promissory note, which specifically provides for an attorney's fee. In *Anderson v. Wallace Lumber Mfg. Co.,* 30 Wash. 147, 70 Pac. 247, this court recognized the dual nature of such an action, and we find no error in the award of the attorney's fee, which was reasonable. Judgment affirmed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.