[No. 30655. Department Two. December 30, 1948.]

LENA DALPE ARCHER, *Individually and as Executrix, Respondent,* v. ARCHER BLOWER & PIPE COMPANY, *Appellant.*[1]

[1]Reported in 201 P. (2d) 191.

*Bell, McNeil & Bowles* and *George W. Martin,* for appellant.

*John J. Kennett* and *James D. McCutcheon, Jr.,* for respondent.

SIMPSON, J.—There is presented for our review a judgment for plaintiff in an action for unlawful detainer, in which plaintiff demanded possession of real property and double rent for a short period of time. The complaint, filed December 12, 1947, alleged that defendant, Archer Blower & Pipe Co., a corporation, was in possession of certain real property owned by plaintiff; that defendants had

refused to pay the agreed rental of two hundred dollars per month after having been served with a three-day "notice to pay rent or vacate." Defendant filed an answer in which it denied the title of plaintiff to the property, and made certain defenses in the nature of set-offs, and also set up the defense that the title was vested in defendant corporation by virtue of an agreement that had been entered into between Alfred Charles Archer and Charles R. McLean. The reply put in issue the allegations of the answer. Charles R. McLean was allowed to file his complaint in intervention. It is not necessary to make any statement concerning the contents of the complaint in intervention because this appeal does not affect Mr. McLean.

The case, tried to the court, resulted in a judgment in favor of plaintiff. Defendant corporation then appealed to this court.

Appellant's brief on appeal contains eight assignments of error, which, as suggested by counsel for appellant, may be considered by the discussion of three questions. These questions are: (1) Did the trial court err in its refusal to grant a nonsuit? (2) Was there error in the holding of the court that the evidence establishing an agreement between Charles R. McLean and Alfred Charles Archer was inadmissible? (3) Did the court commit error in refusing the appellant the opportunity to prove a set-off as against the rent due?

This is a companion case to that of Charles R. McLean and others against Lena Dalpe Archer, filed this day [*ante* p. 234.] The instant case and the one just mentioned were consolidated for trial but were considered independently of each other, except that any relevant testimony which was introduced in the *McLean v. Archer* case was considered as introduced in the present case.

■ It is our opinion that the evidence considered by the court was sufficient to warrant the denial of a motion for nonsuit. In addition to the facts set out in our former opinion, the proof showed the agreed and reasonable rental of the property to be two hundred dollars per month; that

it had not been paid; that proper notice had been given, and that the title to the property was in respondent.

■ The question relating to proof of the oral agreement as between McLean and Archer is no different from that considered in our prior opinion except that appellant here makes the claim that respondent waived the provisions of Rem. Rev. Stat., § 1211 [P.P.C. § 38-3]. This last contention is based upon the fact that respondent attempted to prove that a rent agreement existed in connection with the use of the property involved by introducing a resolution contained in the minute book of the corporation. The resolution was as follows:

"IT IS, THEREFORE, hereby resolved that the salary of the president be and it is hereby fixed at $600.00 per month effective as of January 1, 1941, and that the rental to be paid by this corporation to Alfred C. Archer for the use of the premises occupied and used by it shall be and it is hereby fixed at $200.00 per month effective as of January 1, 1941; and

"BE IT FURTHER RESOLVED, that these resolutions concerning the president's salary and the rental to be paid shall remain in full force and effect until otherwise ordered by this Board."

Appellants cite, as sustaining authority for their contention, *Robertson v. O'Neill,* 67 Wash. 121, 120 Pac. 884; *Floe v. Anderson,* 124 Wash. 438, 214 Pac. 827; *Johnston v. Medina Imp. Club,* 10 Wn. (2d) 44, 116 P. (2d) 272; and, *Miller v. O'Brien,* 17 Wn. (2d) 753, 137 P. (2d) 525. These cases hold, and properly so, that the provision of Rem. Rev. Stat., § 1211, may be waived by one entitled to its protection by introducing certain evidence concerning a transaction with a person since deceased. The evidence constituting a waiver must, however, relate to the subject matter in controversy. Here the resolution introduced in evidence was passed at a corporation directors meeting in June, 1941, over four years before the alleged agreement between McLean and Archer. Moreover, it had nothing whatever to do with any contract or agreement connected with the transferring of the real property to the corporation.

■ The question relating to the counterclaim arose in the following manner: In its amended answer, appellant pleaded two set-offs—first, that Alfred Charles Archer had wrongfully withdrawn three thousand dollars from the corporation bank account, and second, that appellant had paid the Archer funeral expenses. The defenses were stricken prior to trial. The claim for repayment of funeral expenses was not in existence at the time of Mr. Archer's death and, therefore, could not properly have been pleaded as a set-off under our statute, Rem. Rev. Stat., § 268 [P.P.C. § 95-5].

■ The claim for three thousand dollars at the time it was pleaded had been presented to respondent as executrix of her husband's estate. It had not been acted upon. Before the trial, this respondent rejected the claim, and appellant, March 1, 1948, the day of the commencement of the trial of this case, instituted an independent action against the Archer estate upon the claim. During the progress of the trial of this case, appellant attempted to have the claimed offset reinstated for the purpose of reducing the amount of respondent's recovery. Respondent's counsel objected to the reinstatement of the set-off on the ground that there was another action pending between the same parties for the same cause. Respondent was entitled to raise the question of the pending action by virtue of the provisions of Rem. Rev. Stat., § 259 [P.P.C. § 85-9]. *Caine v. Seattle & Northern R. Co.*, 12 Wash. 596, 41 Pac. 904.

The trial judge announced that he would allow appellant the opportunity of dismissing the independent action and pleading the claim as an offset to the present action. Counsel for appellant stated that his client intended to prosecute the separate action and would not dismiss it. After hearing the statement of counsel, the trial court ruled that the motion to reinstate the set-off would be denied.

Appellant cites sections of our code and many decided cases in proof of his right to plead and prove an offset. We will assume without deciding that, in cases of this nature an offset may be pleaded and proven. However, the rule does not apply in this case. The situation presented in the

case at bar involves the right to litigate two actions at the same time for the identical claim or liability. Appellant was given the opportunity of pleading and proving its offset. It elected to prosecute its independent action and must abide its choice.

The legal description of the property as contained in the complaint was erroneous. The property was described as lots one to eight, inclusive, of block 27 of Ladd's First Addition to the *city* of Seattle, and as being "commonly known as 811 Edmunds Street, Seattle, Washington." The property located at 811 Edmunds street, Seattle, Washington, was actually lots one to eight, inclusive of block 27 of Ladd's First Addition to *South* Seattle in King county. The notice to pay rent or vacate, a copy of which was attached to and made a part of the complaint, properly described the property.

During the trial, the court allowed the complaint to be amended by including therein a correct description of the real estate. Appellant presses upon us error of the trial court in granting the motion to amend. We are unable to find any error in the action of the trial court. Appellant received the notice which properly described the real estate in so far as its location on Edmunds street was concerned, and the copy of the notice as attached to the complaint included a proper description of the real estate. It cannot be said that appellant was in any way prejudiced by the amendment. Appellant and its counsel were at all times advised that respondent claimed title to the real estate which was occupied by appellant's manufacturing plant, and that respondent claimed that rent was due and owing to her from appellant. The amendment was simply to allow the correction of a minor error, and it was not prejudicial.

Finding no error in the record, we affirm the judgment.

MALLERY, C. J., MILLARD, ROBINSON, and SCHWELLENBACH, JJ., concur.

February 8, 1949. Petition for rehearing denied.