[No. 34508.    Department One.    March 12, 1959.]

EDWARD O. MORRISON *et al., Appellants*, v. ANCHOR CASUALTY COMPANY *et al., Respondents.*[1]

[1]Reported in 336 P. (2d) 869.

*Dellwo & Rudolf* and *Hugh B. Horton*, for appellants.

*Witherspoon, Kelley, Davenport & Toole*, for respondents.

FINLEY, J.—This is an action involving a question of coverage under an automobile garage liability policy.

During the spring of 1954, plaintiff Morrison worked as an automobile salesman for Ernie Majer, Inc., in Spokane. He drove a new demonstrator, which he used for both business and pleasure. On March 18, 1954, plaintiff became involved in an accident with his demonstrator automobile. He was intoxicated at the time and was not on company business. As a result of the accident, three claims were made against him. He settled with one claimant, but the two other claimants brought suit and secured judgments against him.

In the present action plaintiff contends, alternatively, (1) that, at the time of the accident, he was an "insured," within the terms of an automobile garage liability policy carried by Ernie Majer, Inc., with the defendant Anchor Casualty Company; or (2) that Ernie Majer, Inc., breached an agreement to provide liability insurance on his demonstrator automobile. By way of relief plaintiff seeks: (1) reimbursement from the defendants in the amount of the total he owes the three claimants; (2) reimbursement for his attorney's fees and other costs in connection with defending the suits brought against him by two claimants, and in negotiating settlement with another claimant; and (3) compensation for general damages suffered in his occupation as an automobile salesman by reason of his being unable to obtain the return of his driver's license, because of the operation of the state financial responsibility laws.

The trial court entered judgment for the defendants, and plaintiffs have appealed.

An insurance company lawyer, writing in the Insurance Law Journal (October, 1954, p. 668), commences an article relative to the type of insurance policy herein involved with the following statement:

"The Automobile Garage Liability Policy is one of the most complex, and perhaps least understood, liability forms in use today. Its complexity is largely attributable to the

breadth of coverage, that is, it embraces a multiplicity of hazards which otherwise are written under separate policies. There are more divisions of coverage in the garage policy than in most liability forms. Furthermore, the design of the policy allows a wide choice or selection of both coverages and divisions of hazard. These options necessitate additional restrictions or qualifications within a given division or coverage to avoid overlaps. At the same time, the extension of the policy to a wide variety of interests or '*insureds*' results in complicated language." (Italics ours.)

An examination of the insurance policy involved in the instant case convinces us of the truth of the foregoing observations.

The automobile garage liability policy, unlike standard automobile insurance, does not insure a particular automobile. Insurance Law Journal (1954), *supra*. This is a very important distinction. The terms used to define and limit the *coverage*—"owned by," "in charge of," and "named insured"—are broad and flexible. It takes no more than a reference to the cases under *Ashford v. Reese* (1925), 132 Wash. 649, 233 Pac. 29 (see 22 Wash. L. Rev. 110) to demonstrate that a person can be the *owner* of property for some purposes without being the *owner* for all purposes. And even the insurance experts who were called to testify at the trial expressed different views as to who were "named insureds" and how they became such.

We believe the question whether Morrison was covered by this policy at the time of his accident is a question of fact—one to be determined through consideration of the objects and purposes of the policy, the circumstances surrounding the making of the contract (including the addition of the endorsements thereto), and especially the intent of the parties. *Downing v. Sterling Motor Co.* (1936), 197 Minn. 429, 267 N. W. 250; *Fleming v. Travelers Ins. Co.* (1949), 206 Miss. 284, 39 So. (2d) 885; *American Cas. Co. v. Callaway* (1947), 75 Ga. App. 799, 44 S. E. (2d) 400; 13 Appleman Insurance Law and Practice 10, § 7383.

Appellant contends he is entitled to a new trial because of the erroneous and prejudicial exclusion of proffered evidence.

Through the use of a subpoena *duces tecum,* served on the local claims representative of the Anchor Casualty Company, appellant had brought into court the "claims" file of the respondent insurance company pertaining to Morrison's accident. After examination of the file, appellant sought to introduce three documents: (1) A letter written March 22, 1954, by the then local adjuster (since deceased) for the Anchor Casualty Company. The letter indicates the local adjuster believed that coverage had been extended to Morrison and his demonstrator. (2) A written statement of Norman Majer, vice president of Ernie Majer, Inc.; the statement is dated March 26, 1954, and indicates that it had been Norman Majer's understanding that the Ernie Majer, Inc., insurance policy would cover all salesmen, while driving their demonstrators both on and off the job. This understanding on the part of Ernie Majer is indicated to have been based upon conversations with the local sales representative of the Anchor Casualty Company at a time when an endorsement was being added to the policy. (3) A written statement from Gene B. Sargeant, bookkeeper and office manager of Ernie Majer, Inc., dated March 26, 1954. The latter statement indicates a conversation between Sargeant and William Sahlberg (local sales representative of the Anchor Casualty Company), in which Sahlberg had told Sargeant that the new endorsement would mean that the policy would cover Morrison when he was in his demonstrator automobile. The statement further indicates that Sargeant collected the premium from Morrison for the month of March on March 1, 1954.

When the appellant sought to introduce these documents, the respondent interposed an objection based upon twelve separate grounds. It is not clear from the record which, if any, of these grounds the trial court relied upon in holding the documents to be inadmissible. It is our conclusion that two of the letters should have been admitted.

The letter from the local adjuster was properly excluded. It is apparent on its face that the writer had no first-hand knowledge relating to the questions in issue. The statements of Norman Majer and Gene B. Sargeant, how-

ever, constitute substantial evidence in support of appellant's theory that the parties to the contract actually intended to cover all salesmen in their demonstrator automobiles, both on and off the job. Respondents' objection that the documents attempt to vary the written contract is not valid. The point in issue is to determine what the parties meant by the coverage terms used, and the documents are admissible to show the parties' intent. It was prejudicial error to refuse to admit the aforementioned statements into evidence. See *Montgomery v. McNutt* (1926), 214 Ala. 692, 108 So. 752; *Stevens v. People's Sav. Bank* (1919), 185 Iowa 619, 171 N. W. 130; *Reynolds v. Vroom* (1945), 132 Conn. 53, 42 A. (2d) 336; McCormick on Evidence 137, § 60.

In his brief appellant points out that suit against Ernie Majer, Inc., is based on its agreement to provide insurance as a part of the employment contract with appellant, making it liable for any costs and damages by reason of failure to provide the insurance intended. Nowhere in appellant's brief is this proposition further discussed. Rather, appellant's brief concerns itself exclusively with the question of whether appellant had coverage under the policy in question, a matter only important in determining the liability of Anchor Casualty Company.

In the absence of any further discussion or the citation of any authority to support the liability of Ernie Majer, Inc., we see no need for considering the matter further. *Bidlake v. Youell, Inc.* (1957), 51 Wn. (2d) 59, 315 P. (2d) 644. The judgment as to Ernie Majer, Inc., should therefore be affirmed. The judgment as to Anchor Casualty Company should be reversed, with instructions to grant appellant a new trial in order that the question of his coverage might be determined in accordance with the views expressed herein. It is so ordered.

MALLERY, HILL, and HUNTER, JJ., concur.

OTT, J., concurs in the result.