[No. 1009-1.     Division One—Panel 1.     November 15, 1971.]
SAVE-WAY DRUG, INC., *Respondent*, v. STANDARD INVESTMENT
COMPANY, *Appellant*.

*Johnson, Inslee, Best & Chapin* and *Leslie A. Wahlstrom*,
for appellant.

*Cartano, Botzer & Chapman, John D. Cartano*, and *Frank
W. Birkholz*, for respondent.

UTTER, J.—Standard Investment Company appeals from
a summary judgment granting specific performance of an
earnest money agreement. Judgment was granted in favor
of Save-Way Drug, Inc., in the amount of $110,497.13.
Standard Investment appeals.[1]

Although the subject real property of the dispute was
located in King County, Washington, the agreement was
negotiated, executed and closed in Portland, Oregon. How-
ever, the words "Washington, July 1, 1969" were typed
at the top of the agreement. Appellant assigns error to
the trial court's finding there were no material issues of

---

[1]Standard's counsel on appeal did not represent it in the trial court.

fact, for the reason that respondent's affidavit in support of its motion for summary judgment allegedly fails to comply with the provisions of CR 56(e). He further assigns as error the ruling of the trial court that Washington law governs the case.

The statement of facts signed by the trial judge constitutes the sole record of what occurred in the trial court and states:

> At the opening, and on several occasions during the course of the argument, . . . attorney for the Defendant, stated that there were no disputed facts, that he would not try to create a sham fact issue, that the matter was a proper one for Summary Judgment and that the Court should decide the questions involved on Summary Judgment. The Court decided the matter on this basis, noting that Defendant's brief, page one, stated the facts were as set out in two affidavits (Mosby and Pollock) which were not disputed and which did not contradict each other.

Issues not raised in the hearing for summary judgment cannot be considered for the first time on appeal. *Almy v. Kvamme,* 63 Wn.2d 326, 329, 387 P.2d 372 (1963). Standard Investment's attempt to interject for the first time, at the appellate level, a challenge to the sufficiency of the supporting affidavit of Save-Way and its attempt to assert that Save-Way did not affirmatively present factual evidence upon which its motion was based cannot be considered.

Standard Investment next argues that Oregon law, not Washington law, should govern the matter and that the only evidence before the court indicated the parties' intention to be governed by Oregon law. The law of Oregon was not pleaded by Standard Investment. RCW 5.24.010-.070 provides that the courts of this state shall take judicial notice of the constitution, common law and statutes of every other state. However, RCW 5.24.040 requires that such laws be pleaded. *In re Candell,* 54 Wn.2d 276, 340 P.2d 173 (1959). If the law of another jurisdiction is not pleaded, it is assumed to be the same as the law of Washington. *Investment Serv. Co. v. LaLonde,* 63 Wn.2d 834, 389 P.2d

414 (1964); *Chandler v. Doran Co.,* 44 Wn.2d 396, 398, 267 P.2d 907 (1954).

■ The earnest money agreement between the parties contained the following clause:

> It is agreed that if seller does not approve this sale within the period allowed broker below in which to secure seller's acceptance, or if the title to the said premises is not insurable or marketable, or cannot be made so within thirty days after notice containing a written statement of defects is delivered to seller, the said earnest money shall be refunded. But if said sale is approved by seller and title to the said premises is insurable or marketable and purchaser neglects or refuses to comply with any of said conditions within ten days after the said evidence of title is furnished and to make payments promptly, as hereinabove set forth, then the earnest money herein receipted for (including said additional earnest money) shall be forfeited to seller as liquidated damages and this contract thereupon shall be of no further binding effect.

The law of the state of Washington is in accord with the position taken by Restatement of Contracts § 378 (1932) which states, "The fact that a contract contains a provision for the payment of a penalty or liquidated damages for breach of a promise is not a bar to the specific enforcement of the promise." The rationale for this rule as noted by the Restatement is:

> A provision for a penalty for the breach of a promise does not afford an adequate remedy, in cases where damages are not adequate, since the provision is not itself enforceable beyond the amount collectible as damages. Neither does a provision for the payment of a sum as liquidated damages afford an adequate remedy, even though it is itself an enforceable promise; since it is the uncertainty as to the extent of injury that makes the provision for liquidated damages enforceable, and no one supposes that the parties by their advance agreement actually render the extent of injury certain. Such a provision, unlike a penalty, affords a remedy; but it is not necessarily an adequate remedy.

*Blass v. Waldrip,* 176 Wash. 324, 29 P.2d 403 (1934); *Cochran v. Lakota Land & Water Co.,* 171 Wash. 155, 17 P.2d

861, 19 P.2d 927 (1933); *Auve v. Wenzlaff,* 162 Wash. 368, 298 P. 686 (1931); *Hamilton v. Norris,* 144 Wash. 326, 258 P. 4 (1927); *Grays Harbor Dairymen's Assoc. v. Engen,* 130 Wash. 169, 226 P. 496 (1924); *McCutchen v. Brink,* 129 Wash. 103, 224 P. 605 (1924); *Pierce County Dairymen's Assoc. v. Templin,* 124 Wash. 567, 215 P. 352 (1923); *Asia Inv. Co. v. Levin,* 118 Wash. 620, 204 P. 808, 32 A.L.R. 578 (1922).

In *McCutchen,* quoting from 27 R.C.L. 613 (1920), our court noted:

"As a general rule provisions in effect authorizing a forfeiture of the contract for default of the purchaser in paying installments of the purchase money confer on the vendor an additional remedy which it is optional with him to take advantage of, and the courts are not inclined to permit the purchaser to take advantage of his own default and escape further liability on the contract unless its terms clearly require this construction.

Quoting from 39 Cyc. 1343 (1912), our court noted further:

"Contracts of sale frequently contain provisions, such as, that in case of a default in performance or in the payment of installments the contract shall be void, or that the vendor shall be released from any obligation to convey and the purchaser shall forfeit all rights to the property and to the payments made. . . . Ordinarily it is held that provisions of this character are for the benefit of the vendor alone who may insist upon them or not at his option, and that consequently a default in payment by the purchaser will not terminate the contract so as to preclude an action by the vendor for the pur-chase-money."

In the *Cochran* case, our court construed a forfeiture clause in a lease, which was substantially similar to the forfeiture clause in the present case, and, quoting from 16 R.C.L. § 637 (1917), held it to be "for the benefit of the lessor, and he has the election to determine whether he will insist upon the forfeiture or not."

The only Washington case with any language to the contrary is *Wright v. Suydam,* 72 Wash. 587, 131 P. 239 (1913). There, the court stated, "We are of the opinion that the

contract is one for the sale of land, both parties being bound thereby as seller and purchaser, respectively, though the remedy of Suydam upon breach by Wright may be confined to liquidated damages." This language was dicta. In that case, only the seller, not the buyer, signed the contract, and the clause in that agreement differs from what is before this court. We believe the dicta in *Suydam* has been rejected by subsequent cases directly in point and do not consider it to reflect the law of our state at this time.

Even if Oregon law were to apply, the law of that state is similar to ours. *Marquardt v. Fisher,* 135 Ore. 256, 295 P. 499, 77 A.L.R. 265 (1931); *In re Estate of Denning,* 112 Ore. 621, 229 P. 912 (1924); *Slattery v. Gross,* 96 Ore. 554, 187 P. 300 (1920). The Oregon court in *T. B. Potter Realty Co. v. Derby,* 75 Ore. 563, 147 P. 548 (1915), a case criticized by our court in *McCutchen v. Brink, supra,* held a forfeiture clause was the only remedy available to the parties. There, however, the language of the agreement provided, "all payments which shall have been made by the party of the second part hereunder shall be absolutely and forever forfeited to the said party of the first part, and this contract shall be null and void as to both parties hereto without notice, . . .". The court held the insertion of the words, "void as to both parties," clearly indicated the document should not be construed to mean void at the option of the seller or void at the option of one party. The language in *Potter* is substantially different from that in this case and, on its facts, does not apply here.

The order of the superior court granting summary judgment is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.