[No. 1818-1.    Division One.    October 15, 1973.]

ANNIE BELLE MORRISSETTE, *Appellant,* v. CONTINENTAL LIFE AND ACCIDENT COMPANY, *Respondent.*

*Steinberg & Steinberg* and *Quentin Steinberg,* for appellant.

*LeSourd, Patten, Fleming & Hartung* and *J. Stephen Werts,* for respondent.

FARRIS, J.—Annie Belle Morrissette, widow of Freddie L. Morrissette, brought this action against Continental Life & Accident Company to collect the proceeds of an insurance policy on the life of her deceased husband. She appeals from the granting of Continental's motion for a summary judgment.

The facts are not in dispute. The insurance policy provided:

Each premium is payable on or before its due date to the Company at its Home Office or to an authorized agent of the Company in exchange for a receipt signed by the Secretary and countersigned by the agent. . . .

Any premium other than the first not paid when due may be paid without penalty within a grace period of thirty-one (31) days after its due date. During this grace

period, this policy will remain in full force. If the Insured dies during a grace period, the unpaid premium will be deducted from the amount otherwise payable under this policy. This policy will cease to be in full force at the end of any grace period during which the unpaid premium has not yet been paid.

. . .

This policy may be reinstated at any time within five (5) years after the date to which premiums were paid. Reinstatement shall be subject to evidence of insurability of the Insured satisfactory to the Company. Reinstatement shall also require payment of all over-due premiums and payment of interest on such premiums at 5% compounded annually.

The Morrissettes wrote a check dated September 5, 1971, which was later received by Continental. That check in the amount of $30.16 was sufficient to cover the premiums due on June 12 and July 12, 1971, but not the premium due on August 12. Mr. Morrissette died by drowning on September 12, 1971. On September 16, 1971, Continental wrote to Mrs. Morrissette declining to reinstate the policy "as we have not received a completed Reinstatement Application, as one was sent for him to sign on August 3, and August 18, 1971." The check dated September 5 was returned with this letter.

Continental refused Mrs. Morrissette's demand for payment and she brought suit for the $25,000 amount of the policy. The trial court entered an order granting summary judgment on July 7, 1972, holding that Continental was entitled to judgment as a matter of law since the Morrissettes had not complied with the required conditions for reinstatement of the policy. This appeal followed.

The policy had been delinquent and reinstated on other occasions without strict adherence to the provisions of the policy. The January 12, 1971 premium was accepted by Continental on February 16, 1971; the March 12, 1971 premium was accepted on April 19, 1971; and the April 12, 1971 premium was accepted on May 28, 1971.

Mrs. Morrissette argues that this prior practice raises at least a question of fact as to whether Continental had

waived its right to enforce the forfeiture provision of its insurance contract or is estopped from refusing to reinstate the policy and that the motion for summary judgment was therefore improperly granted. We reject the argument and affirm the trial court.

Two facts are critical: (1) The language of the insurance policy is free of ambiguity. Reinstatement of the policy requires both evidence of insurability and payment of all overdue premiums with interest at 5 percent compounded annually. (2) In the past, Continental had reinstated the policy upon receipt of past-due premiums in full without requiring evidence of insurability. If Mrs. Morrissette had again tendered payment in full of the past-due premiums, it could be argued that a question of fact had been presented. However, only the June and July premiums were included in the check dated September 5, although payments due in June, July and August were delinquent. Continental had never reinstated the policy in the absence of full payment of past-due premiums. We therefore cannot find that a waiver or estoppel question was raised.

■ The right of an insurer to cancel a policy for nonpayment of premiums and to refuse reinstatement except in accordance with the terms of the policy should not be lightly set aside. An insurance contract may be varied by operation of law through estoppel or waiver, but this variance must be construed narrowly. See *White Pass Co. v. St. John*, 71 Wn.2d 156, 163, 427 P.2d 398 (1967). Continental's reinstatements of the policy following the Morrissettes' payment of all past-due premiums does not operate to require Continental to reinstate the policy where only partial payment is made of past-due premiums.

■ Waiver by an insurer has been defined as the voluntary and intentional relinquishment or abandonment of a known right, with the insurer's full knowledge of all the facts pertaining thereto. *Buchanan v. Switzerland Gen. Ins. Co.*, 76 Wn.2d 100, 108, 455 P.2d 344 (1969). It can be argued here that a question of fact exists as to whether Continental has waived all conditions of reinstatement ex-

cept for payment in full of past-due premiums, but the Morrissettes did not make payment in full; there could therefore be no such waiver.

Estoppel, on the other hand, refers to an *insurer* being barred from asserting a right where to permit such an assertion would be inequitable. *Buchanan v. Switzerland Gen. Ins. Co., supra* at 108. The record reflects no action by Continental which could have led the Morrissettes to believe that a partial payment of overdue premiums tendered more than two months after the policy had lapsed would result in the automatic reinstatement of the policy.

The trial court correctly held in accordance with CR 56(c) that there was "no genuine issue as to any material fact and that the moving party [was] entitled to a judgment as a matter of law."

Affirmed.

SWANSON, C.J., and JAMES, J., concur.