[No. 1852-1. Division One. April 1, 1974.]

LUCILLE FULLER, *Appellant,* v. FIREMAN'S FUND AMERICAN LIFE INSURANCE COMPANY, *Respondent.*

*Lembhard G. Howell,* for appellant.

*Clinton, Andersen, Fleck & Glein* and *James A. Andersen* and *Stanley R. Byrd,* for respondent.

FARRIS, J.—On September 1, 1969, Fireman's Fund American Life Insurance Company issued an insurance policy on the life of Felton Fuller, Sr. The insurance contract provided:

PREMIUM PAYMENTS—Premiums are payable in advance as of the policy date of issue and on subsequent premium due dates either at our Home Office, or to an authorized Agent upon delivery of an official receipt signed by an Officer of the Company at our Home Office. A premium payment will be considered in default if not paid on or before its due date.

. . .

GRACE PERIOD—A 31-day grace period will be allowed for the payment of any premium after the first, during which time this policy will remain in force. If you should die during the grace period any premium then due and unpaid will be deducted in settlement of this policy.

If the premium due is not paid by the end of the grace period this policy will terminate as of the due date of the unpaid premium, except as may be otherwise provided in the policy.

Fuller failed to make the required premium payments and the policy was forfeited in accordance with its terms. The policy was reinstated in December 1969. Thereafter arrangements were made for the insurance premiums to be paid with mortgage payments through Northwest Mortgage Company, the predecessor of Lomas & Nettleton Company, which held a mortgage on certain of the Fullers' real property. Fuller's premium payment record continued to be sporadic. Most payments were late. Two payments, those due on November 1, 1970, and February 1, 1971, were made 58 days after the expiration of the grace period.

Fuller died on November 21, 1971. His widow applied to Fireman's Fund for the insurance benefits. When her request was denied, she initiated an action to force payment. The trial court granted Fireman's Fund's motion for summary judgment. This appeal followed.

It is not disputed that the clear and unambiguous provision of the policy regarding timely payment of premiums was breached. Mrs. Fuller argues that she nevertheless is entitled to recover the benefits of the policy because Fire-

man's Fund had waived its provision for payment within the grace period by continuing the policy in full force and effect for up to 58 days after the lapse of the grace period.

■ An insurance company may waive a provision of its insurance contract. Waiver by an insurer has been defined as the voluntary and intentional relinquishment of a known right, with the insurer's full knowledge of all the facts pertaining thereto. *Buchanan v. Switzerland Gen. Ins. Co.*, 76 Wn.2d 100, 108, 455 P.2d 344 (1969); *Morrissette v. Continental Life & Accident Co.*, 9 Wn. App. 789, 791, 514 P.2d 1391 (1973).

The record before the court affirmatively shows that the insurance was in full force and effect on May 1, 1971, in spite of Fuller's erratic payments. The grace period provided in the policy continued this coverage for 31 days until June 1, 1971. The question then is whether the conduct of the insurer extended the coverage for 174 days beyond the expiration of the grace period, until November 21, 1971, the date of Fuller's death.

Waiver is not a magic wand that provides insurance coverage without payment of premiums. The question is whether the record reflects that Fireman's Fund had waived its provision for the prompt payment of premiums by continuing the policy in effect for the receipt of premiums paid subsequent to the grace period. To the extent that an insurer waives a requirement for the *receipt* of premiums, it also waives it for the *payment* of benefits.

■ Here the record shows that Fireman's Fund continued the policy in effect for the receipt of premiums up to 58 days after the end of the grace period without regard to the express policy language that termination occurs as of the due date of the unpaid premium where payment is not made within the grace period. However, Fuller died 174 days after the expiration of the grace period, three times the longest extension period (58 days), without tendering past due premiums.

We agree with 6 G. Couch, *Insurance* § 32:372, at 597 (2d ed. R. Anderson 1961):

The fact that the insurer has followed a custom of departing from the policy does not warrant the insured in making any departure that he chooses. He may only depart to the extent authorized by the custom and where the insured's act is neither within the letter of the policy nor the scope of the custom, it has no effect. In consequence of this, where neither tender nor actual payment is made within the period established by custom, there can be no recovery, since a custom of forgoing prompt payment will not keep the policy alive indefinitely.

(Footnote omitted.) *See also Morrissette v. Continental Life & Accident Co., supra* at 791.

Affirmed.

SWANSON, C.J., and HOROWITZ, J., concur.