CONTINENTAL VOLVO, INC., ET AL, *Respondents*, v.
LEON J. ROSS, ET AL, *Appellants*.

*Murray, Dunham & Waitt* and *Matt Murray*, for appellants.

*Leo A. Anderson, Kenneth L. LeMaster,* and *Thomas G. Richards,* for respondents.

WILLIAMS, J.—This is a controversy between Safeco Insurance Company of America and Insurance Management Underwriters of Federated American Insurance Company over responsibility for liability insurance coverage.

The question arose when Leon J. and Sally Ross, who had purchased but not received delivery of a new car from Continental Volvo, Inc., were involved in an accident while driving a temporary substitute vehicle furnished by Continental Volvo. The Rosses' policy of insurance with Federated American contained the following provision:

Other Insurance—Coverages A, B, C, D, E and F. If the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy and the insured agrees that this policy is excess over any other valid and collectible insurance and that this policy not apply until such other insurance has been exhausted.

Continental Volvo was covered by Safeco's blanket liability garage insurance which, as to customer use of its vehicles, provided:

In consideration of the reduced rate of premium made applicable to the Garage Liability Insurance, it is agreed that garage customers are not insureds with the respect to the automobile hazard except in accordance with the following additional provisions:
1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy.

The resolution of the problem of coverage when the "other insurance" clauses of two insurance policies come into play has been a vexatious one. The difficulties have been definitively explained in *Hardware Dealers Mut. Fire Ins. Co. v. Farmers Ins. Exch.,* 444 S.W.2d 583 (Tex. 1969) and will not be gone into here.

The relationship between the parties to an insurance contract is a personal one. The intention of the insurer and the insured control the coverage provided, *Aetna Ins. Co. v. Kent,* 85 Wn.2d 942, 540 P.2d 1383 (1975), and, as with other written contracts, that intention is to be determined from the language of the contract viewed against the setting

in which it is formed. *Morrison v. Anchor Cas. Co.,* 53 Wn.2d 707, 336 P.2d 869 (1959).

The intention of the parties in the policy issued by Federated American to the Rosses is easily determined—it is that in return for a premium, Federated American will protect the Rosses from bodily injury and property damage liability arising out of the ownership, maintenance or use of an automobile. In addition, if the Rosses have other insurance against a loss covered by the policy, Federated American will be responsible only for liability over the limits of the other policy.

The intention of the parties in the policy issued by Safeco to Continental Volvo is also easily determined—it is that in return for a premium Safeco will protect Continental Volvo from liability incurred in the operation of its business. In addition, if a customer of Continental Volvo uses one of its automobiles and is not insured or has insufficient insurance, Safeco will be responsible in whole or in part depending upon the extent to which the customer has protected himself against liability incurred in the use of the automobile.

It is apparent that Continental Volvo's intent and interest was to encourage customer use of its vehicles for business purposes, not to extend liability protection to customers who had adequate insurance of their own. For its part, Safeco agreed to extend the garage coverage to those of Continental Volvo's customers who did not have adequate protection. The extension of coverage to those customers was in consideration of a reduced rate of premium, a significant factor in determining intent. *Aetna Ins. Co. v. Kent, supra.* Consequently, the Rosses were not covered by Safeco as insureds while their policy with Federated American was adequate. To decide otherwise would be to violate the plain intention of Safeco and Continental Volvo in the formation of their contract. Federated American, however, has all along intended to afford the Rosses full primary liability protection unless they had other insurance against the loss, which they did not.

The judgment is affirmed.

FARRIS, C.J., and CALLOW, J., concur.

[No. 4091-1.   Division One.   April 11, 1977.]