[No. 7098-3-I. Division One. February 25, 1980.]

Francis S. Deacy, et al, *Appellants,* v. The College Life Insurance Company of America, *Respondent.*

*Robert J. Walerius* and *Moriarty, Mikkelborg, Broz, Wells & Fryer,* for appellants.

*Peter A. Danelo* and *Preston, Thorgrimson, Ellis, Holman & Fletcher,* for respondent.

RINGOLD, J.—The plaintiffs Francis S. Deacy and Cecilia T. Deacy, parents of David, appeal the judgment dismissing their claim against the defendant College Life Insurance Company of America (College Life) upon a motion for summary judgment. We find that genuine issues of material fact are presented and therefore reverse.

On July 15, 1976, David Deacy met with Kirk Greene, Seattle agent of College Life, to buy life insurance providing a total of $30,000 coverage in the event of accidental death. The policy for which David contracted named his

parents as primary beneficiaries. On completion of the necessary forms David gave $10 to Greene. The conditional receipt Greene gave David at the time provided as follows:

> This Receipt provides for . . . insurance subject to all provisions herein, in accordance with the terms of the policy . . . provided an amount at least equal to one monthly premium is paid with the application for each policy indicated.
>
> . . .
>
> This receipt provides no insurance unless the condition precedent specified above be satisfied.

The company prepared policy No. 217282, which listed July 15 as the effective date, and mailed it to Greene for delivery to David. When Greene telephoned the family home on July 26 to arrange a delivery date, he learned that David had been killed on July 24 in an automobile accident. Greene thereupon went to the family home and helped David's parents prepare the claim forms. College Life denied the Deacys' claim contending that the policy did not take effect by virtue of the above quoted language. The Deacys commenced the present lawsuit.

In resisting the claim College Life filed an affidavit by Greene indicating that he had read to David all the provisions of the conditional receipt at the time of the $10 remittance by David. The conditional receipt was attached and incorporated by reference to this affidavit. The Deacys supported their claim by interrogatories and requests for admissions of the defendant and by affidavit of David's sister and her husband, indicating that David thought he had insurance from the time he remitted the $10. Both parties moved for summary judgment. On the basis of the deadman's statute, former RCW 5.60.030,[1] the trial court did

[1] "No person offered as a witness shall be excluded from giving evidence by reason of his interest in the event of the action, as a party thereto or otherwise, but such interest may be shown to affect his credibility: *Provided, however,* That in an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased person, or as deriving right or title by, through or from any deceased person, or as the guardian or conservator of the estate of any insane person, or of any minor under the age of fourteen

not consider Greene's affidavit, but considered the conditional receipt attached to it and granted summary judgment to College Life.

SCOPE OF APPELLATE REVIEW

The function of a summary judgment is to avoid a useless trial. *Lamon v. McDonnell Douglas Corp.*, 91 Wn.2d 345, 349, 588 P.2d 1346 (1979); *Balise v. Underwood*, 62 Wn.2d 195, 199, 381 P.2d 966 (1963). When reviewing an order for summary judgment, this court engages in the same inquiry as the trial court. *Highline School Dist. 401 v. Port of Seattle*, 87 Wn.2d 6, 15, 548 P.2d 1085 (1976). Similarly, we rule upon all issues as presently formulated by the parties.

DEADMAN'S STATUTE

The Deacys contend the trial court correctly excluded Greene's affidavit, but should have excluded the conditional receipt as well. They argue that the statute prohibits consideration of all evidence that describes a transaction with or relates to statements made by a deceased.

Not having been named a party, Greene is not a party to the record. The test whether he is a party in interest is whether he would gain or lose by the direct legal operation and effect of the judgment of the court in the action in which his competency is challenged. *Adams Marine Serv., Inc. v. Fishel*, 42 Wn.2d 555, 257 P.2d 203 (1953). To be a party in interest a witness must have a direct pecuniary interest in the outcome of litigation. In accord with this rule shareholders of a corporation have been held to be interested parties because of their pecuniary interest in the corporation, *Archer v. Archer Blower & Pipe Co.*, 32 Wn.2d 246, 201 P.2d 191 (1948), while officers

years, then a party in interest or to the record, shall not be admitted to testify in his own behalf as to any transaction had by him with, or any statement made to him, or in his presence, by any such deceased or insane person, or by any such minor under the age of fourteen years: *Provided further*, That this exclusion shall not apply to parties of record who sue or defend in a representative or fiduciary capacity, and have no other or further interest in the action."

have been held not to be interested parties, mere agency not being enough. *Beaston v. Portland Trust & Sav. Bank*, 89 Wash. 627, 155 P. 162 (1916). In *Laing v. State Farm Fire & Cas. Co.*, 236 N.W.2d 317 (Iowa 1975) an insurance agent was held not an interested party. In *Inland-Reyerson Constr. Prods. Co. v. Brazier Constr. Co.*, 7 Wn. App. 558, 500 P.2d 1015 (1972) the court made the distinction between an attorney working on a contingent fee basis and one working on an hourly basis, holding that the attorney working on the contingent fee basis is a party in interest. Since Greene had no pecuniary interest in the insurance policy, he is not a party in interest. The statute does not apply either to his affidavit or to the documents attached to it. Both the affidavit and the conditional receipt are admissible as competent evidence.

WAIVER AND ESTOPPEL

"Summary judgment shall be granted only if the pleadings, affidavits, depositions or admissions on file show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Balise v. Underwood*, 62 Wn.2d 195, 199, 381 P.2d 966 (1963). The Deacys argue that there persists an issue of material fact whether College Life waived, or is estopped from asserting its rights arising from the conditional receipt. The applicable rule is set out in *Morrissette v. Continental Life & Accident Co.*, 9 Wn. App. 789, 791-92, 514 P.2d 1391 (1973):

> Waiver by an insurer has been defined as the voluntary and intentional relinquishment or abandonment of a known right, with the insurer's full knowledge of all the facts pertaining thereto. . . .
>
> Estoppel, on the other hand, refers to an insurer being barred from asserting a right where to permit such an assertion would be inequitable.

The conditional receipt clearly states that there is no insurance coverage without payment of a full month's premium. Further, the receipt makes clear that the agent had no authority to alter the terms of the conditional receipt.

Since David kept the receipt delivered to him by Greene, he was presumed to know its terms, and the plaintiffs are bound thereby. *Fanning v. Guardian Life Ins. Co. of America,* 59 Wn.2d 101, 104, 366 P.2d 207 (1961). Thus, from the fact of the payment of the $10 alone, there is warranted no inference of intentional relinquishment by the insurer of its rights arising from the conditional receipt. Notwithstanding its knowledge of the terms of the conditional receipt, however, the insurer dated its policy July 15, rather than a later date as would be indicated if the terms of the conditional receipt were observed. From this fact a trier of fact might infer voluntary relinquishment by the insurer of its rights arising from the conditional receipt. As an appellate court, we must indulge every inference in favor of the nonmoving party, the appellants. *Ohler v. Tacoma Gen. Hosp.,* 92 Wn.2d 507, 511, 598 P.2d 1358 (1979). Hence, the issue of waiver must be submitted to a trier of fact. The trial court erred in granting College Life's motion for summary judgment.

For an estoppel to be operative there must be (a) a statement inconsistent with the claim later asserted, (b) reliance or action by the party to whom the statement was made, to his detriment. *Peterick v. State,* 22 Wn. App. 163, 589 P.2d 250 (1979). The reliance must be reasonable. *Marsh v. General Adjustment Bureau, Inc.,* 22 Wn. App. 933, 592 P.2d 676 (1979).

In her affidavit, Sheila Pascua, David's sister, states:

> David stated to me: "I purchased a life insurance policy and Mom and Dad are beneficiaries and you are the second beneficiary." . . . [I]t was clear to me that in David's mind, he believed that he owned a policy of life insurance.

The affidavit of her husband, who was present during the same conversation, stated: "David gave no indication whatsoever that the policy was not then in effect. Quite to the contrary, his reference indicated that he believed the life insurance policy was then in effect." There are no other facts in the record supporting the estoppel argument. No

facts, however, have been presented that assert a statement or action by College Life or its agents inconsistent with its present claims, upon which David relied or acted. There is, therefore, no issue of material fact to require submission to a trier of fact the question of estoppel.

### Consumer Protection Claim

The Deacys claim that the practice by an insurer of accepting a partial payment insufficient to effectuate any coverage is an unfair and deceptive practice within the cognizance of the Consumer Protection Act, RCW 19.86.020, because such practice tends to deceive purchasers into thinking that they have insurance. The Deacys offer no support for the general proposition that such a practice tends to deceive prospective insureds. As we have determined, there is no evidence in this case that raises an issue of material fact whether David Deacy was so deceived. The record presents no facts upon which the conduct on the part of College Life is actionable under the Consumer Protection Act as unfair or deceptive.

The Deacys also argue that violation of RCW 48.01.030, announcing a public interest in insurance and "requiring that all persons be actuated by good faith," constitutes a per se violation of the Consumer Protection Act. *Salois v. Mutual of Omaha Ins. Co.*, 90 Wn.2d 355, 581 P.2d 1349 (1978). Even if a trier of fact should determine that College Life waived its rights based on the conditional receipt, bad faith is not fairly inferable from such waiver.

### Substantial Performance

The Deacys argue that payment by David of the $10 constituted substantial performance warranting imposition of liability on College Life. This theory was not presented to the trial court. Issues not raised in the hearing for summary judgment cannot be considered for the first time on appeal. *Save–Way Drug, Inc. v. Standard Inv. Co.*, 5 Wn. App. 726, 727, 490 P.2d 1342 (1971). We, therefore, do not consider this issue.

We conclude that the trial court erred in granting summary judgment; there is an issue of material fact whether College Life waived its rights arising from the conditional receipt.

Reversed and remanded for trial.

DORE, J., concurs.

WILLIAMS, J. (concurring)—I concur with the majority in remanding the case for trial. I do not join in the decisions made upon issues concerning the admissibility of evidence, affirmative defenses and consumer protection. The trial court made no judgment as to these, only that there was no genuine issue of material fact.

The ultimate issue is the intent of the parties in forming the insurance contract. As was said in *Continental Volvo, Inc. v. Ross,* 17 Wn. app. 316, 317–18, 562 P.2d 1002 (1977):

> The relationship between the parties to an insurance contract is a personal one. The intention of the insurer and the insured control the coverage provided, . . . and, as with other written contracts, that intention is to be determined from the language of the contract viewed against the setting in which it is formed.

(Citations omitted.) *Accord, Witherspoon v. St. Paul Fire & Marine Ins. Co.,* 86 Wn.2d 641, 650, 548 P.2d 302 (1976); *Ames v. Baker,* 68 Wn.2d 713, 717, 415 P.2d 74 (1966).

The majority in what must be called an advisory opinion upon contentions made by counsel in their briefs, drastically circumscribes the power of the trial court to adjudicate the controversy. This court should not presume to do that.

Reconsideration denied April 23, 1980.