[No. 21815-1-II. Division Two. December 4, 1998.]

PHILIP H. DeTURK, *Appellant*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent*.

*Philip H. DeTurk*, pro se.

*Thomas A. Brown* of *Brown, Lewis, Janhunen & Spencer,* for respondent.

ARMSTRONG, J. — Attorney Philip DeTurk sued State Farm to recover a portion of attorney's fees incurred by six of his clients who settled personal injury claims. State Farm provided Personal Injury Protection (PIP) coverage to each

client and had paid PIP benefits on behalf of each. The trial judge granted summary judgment for State Farm and awarded attorney's fees under RCW 4.84.250 against De-Turk. We reverse.

## FACTS

Philip H. DeTurk settled personal injury cases during 1994 and 1995 on behalf of six clients insured with State Farm Mutual Automobile Insurance Company. Each client was involved in a car accident and was paid first-party PIP benefits under a State Farm policy. DeTurk sued State Farm, contending his clients were entitled to reimbursement from State Farm for a pro rata share of legal expenses they incurred in recovering PIP payments from the third parties.

Each policy contained the following PIP subrogation language:

3. Our Right to Recover Our Payments

. . . .

b. Under first party benefits and underinsured motor vehicle coverages, we are subrogated to the extent of our payments to the proceeds of any settlement the injured *person* recovers from any party liable for the ***bodily injury*** or ***property damage***.

If the *person* to or for whom we have made payment has not recovered our payment from the party at fault, he or she shall:

(1) keep these rights in trust for us and do nothing to impair them;

(2) execute any legal papers we need; and

(3) when we ask, take action through our representative to recover our payments.

We are to be repaid our payments, costs and fees of collection out of any recovery.

. . . .

d. If the *insured* recovers from the party at fault and we share in the recovery, we will pay our share of the legal expenses. Our share is that per cent of the legal expenses that the amount we recover bears to the total recovery. This does not apply to any amounts recovered or recoverable by us from any other insurer under any interinsurer arbitration agreement.

For the combined claims, DeTurk requested fees and expenses totaling $9,080.60. State Farm moved for summary judgment, arguing that DeTurk and his clients were not entitled to attorney's fees because (1) State Farm had not requested DeTurk's services and in four cases actually advised DeTurk not to recover payments on its behalf; (2) DeTurk did not benefit State Farm in recovering the payment; (3) DeTurk's services were not necessary; and (4) under paragraph (d) above, the payments were "recoverable in interinsurer arbitration." State Farm also requested attorney's fees under RCW 4.84.250 and RCW 4.84.270.[1] The trial court granted summary judgment and awarded $3,400 in attorney's fees to State Farm.

Reimbursement of Legal Expenses

In *Mahler v. Szucs*, 135 Wn.2d 398, 957 P.2d 632 (1998), the Supreme Court, reviewing language essentially identical to the language here, held "State Farm's policy require[s] it to pay its insured a portion of their expenses necessary to obtain a recovery from the tortfeasors." *Id.* at 405.

---

[1]RCW 4.84.250 provides:

Notwithstanding any other provisions . . . in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is [$10,000] or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorney['s] fees.

RCW 4.84.270 provides:

The defendant, or party resisting relief, shall be deemed the prevailing party within the meaning of RCW 4.84.2500, if the plaintiff, or party seeking relief in an action for damages where the amount pleaded, exclusive of costs, is equal to or less than the maximum allowed under RCW 4.84.250, recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant . . . as set forth in RCW 4.84.280.

The court explained that subrogation has two features: a right to reimbursement and a mechanism for enforcing that right. The mechanism for enforcement can be either (1) a "type of lien" in favor of the insurance company against any recovery its insured receives from the tortfeasor; or (2) an action that the insurance company, standing in the shoes of the insured, may initiate against the responsible third party. *Mahler,* 135 Wn.2d at 412-13.

A right of reimbursement can arise either by operation of law or by contract. *Id.* at 412 (citing *Ross v. Jones,* 174 Wash. 205, 216, 24 P.2d 622 (1933)). In general, the insurer has no right of reimbursement until the insured is fully compensated for a loss. But, the insured and the tortfeasor may not knowingly prejudice the insurer's right to reimbursement. *Mahler,* 135 Wn.2d at 417-18 (citing *Thiringer v. American Motors Ins. Co.,* 91 Wn.2d 215, 588 P.2d 191 (1978)).

Applying these principles, the court explained that under paragraph (b), which applies to PIP coverage, State Farm is "subrogated to the extent of [its] payments to the proceeds of any settlement the injured person recovers from any party liable for the bodily injury or property damage." *Mahler,* 135 Wn.2d at 419. The phrase "subrogated . . . to the proceeds of any settlement" creates a contractual right of reimbursement from the insured, but only after a settlement has been reached.[2] *Id.*

▮ After determining State Farm's right to recover PIP payments from the insured's settlement with the tortfeasor is a right of reimbursement and not a right of subrogation, the court next addressed whether State Farm was contractually obligated to pay a pro rata share of the legal expenses. Paragraph (d) of the policy states: "If the insured recovers from the party at fault and we share in the recovery, we will pay our share of the legal expenses."

---

[2] "The term 'reimbursement' comes into play where an insurer is permitted to recoup its payment out of the proceeds of an insured's recovery from the tortfeasor. In this situation the insurer's right of recoupment is contingent upon a third-party recovery by the insured." *Mahler,* 135 Wn.2d at 420 n.9.

*Mahler*, 135 Wn.2d at 419. Under this provision, "[t]here is no additional requirement that the efforts of the insured's attorney be necessary to State Farm's recovery, or that they benefit State Farm." *Id.* at 422.

State Farm argued, as they do here, that the last sentence of paragraph (d) creates an exception for amounts that are "recoverable" under an interinsurer arbitration agreement. The court rejected this contention because, under traditional subrogation, State Farm has a right to recover only against the tortfeasor and not the tortfeasor's insurer. Thus, the court was "at a loss to understand what State Farm believes is 'recoverable' against the tortfeasors' insurers." *Mahler*, 135 Wn.2d at 423.

The court next reasoned that even if State Farm had a right of recovery against the tortfeasor's insurer, such right arose only if its insured did not make a claim against the tortfeasor. And State Farm's insureds had made claims against the tortfeasors. Under these circumstances, State Farm had contracted only to share in the proceeds recovered by its insureds. *Mahler*, 135 Wn.2d at 424. Because State Farm cannot recover unless its insured has been made whole, State Farm must wait until the settlement is executed. Once the settlement is executed, there is nothing to recover from the third-party insurer. Thus, the court concluded that the paragraph (d) exception did not apply. The court held, therefore, that State Farm was obligated to pay a portion of the legal expenses to recover its PIP payments. *Id.* at 424-25.

Here, State Farm argues that in four of the six cases the insured did not "recover" the first party benefits because the funds did not pass through DeTurk's hands. The resolution of these claims, therefore, turns on the meaning of the word "recover." State Farm interprets "recover" to refer to the actual receipt of funds by the insured or his or her attorney. But *Mahler* held that the right to reimbursement is triggered when an insured pursues an action or seeks recovery from a tortfeasor. *Mahler*, 135 Wn.2d at 424. As discussed above, State Farm "contract[s] for a right to

reimbursement from its insureds' settlement proceeds and a traditional right of subrogation" only when the insured does not seek recovery from a tortfeasor. *Mahler*, 135 Wn.2d at 424. Thus, when the insured pursues an action against the tortfeasor and settles, taking into account the PIP payments, State Farm owes a portion of the attorney's fees. Whether the PIP payments pass through the hands of the insured or her attorney is immaterial to State Farm's obligation.

 State Farm argues that in two cases it expressly instructed DeTurk not to pursue its right of recovery. But State Farm cannot unilaterally interfere with the insured's right to recover against the tortfeasor. As *Mahler* recognized:

> [A] plaintiff in a personal injury action is entitled to seek recovery from the tortfeasor for special damages, such as medical payments and lost wages. Indeed, it would be unrealistic and unfair to expect an injured party not to seek such damages. As State Farm frankly and correctly admits:
>
>> [I]t is a well known fact that the dollar amount of medical expenses has a direct influence on the amount of general damages that will be awarded by a court or jury and it is for that reason that attorneys desire to prove the amount of such expenses. The amount of lost earnings also has an important impact as it tends to demonstrate the period of physical disability.
>
> The approach State Farm argues for here would require injured plaintiffs to refrain from seeking recovery from defendants for PIP benefit payments simply because State Farm might elect to recover those payments on its own. The result would be reduced general damage awards by juries. Injured plaintiffs should be able to introduce all relevant evidence to support their general damages claim.

*Mahler*, 135 Wn.2d at 425-26 (citations omitted).

We conclude that under *Mahler*, State Farm is obligated to pay its pro rata share of legal expenses.

Waiver and Estoppel

 State Farm next argues that DeTurk and his clients either waived their rights to seek attorney's fees or should be estopped from pursuing a claim because they reimbursed State Farm without demanding attorney's fees. *See Leader Nat'l Ins. Co. v. Torres*, 51 Wn. App. 136, 751 P.2d 1252 (1988); *Lizotte v. Lizotte*, 15 Wn. App. 622, 551 P.2d 137 (1976). Both cases cited by State Farm involve the question of whether an agreement between two parties can prejudice or extinguish the subrogation rights of a third party. Neither applies to issues of waiver or estoppel. State Farm cites no case discussing the principles of waiver or estoppel and we are not aware of one that would deny appellants' claims on these bases. In addition, State Farm did not raise this issue at the trial court. Generally, appellate courts will not entertain issues not raised below. *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988) (citing RAP 2.5(a)). More importantly, the rights of DeTurk's clients to recover attorney's fees were not defined until the *Mahler* decision. Applying waiver or estoppel principles to rights not yet delineated is inappropriate.[3]

In conclusion, we hold that DeTurk's clients are entitled to recover a proportionate share of their legal expenses, including attorney's fees, incurred in recovering the PIP payments made by State Farm. We reverse the summary judgment and the award of attorney's fees in favor of State Farm and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

[3]Waiver, either expressed or implied, "has been defined as the voluntary and intentional relinquishment or abandonment of a *known right*, with the insurer's full knowledge of all the facts pertaining thereto." *Morrissette v. Continental Life & Accident Co.*, 9 Wn. App. 789, 791, 514 P.2d 1391 (1973) (citations omitted) (emphasis added). Estoppel, on the other hand, requires (a) a statement inconsistent with the claim later asserted; and (b) reasonable reliance or action by the party to whom the statement was made, to his detriment. *Public Util. Dist. No. 1 v. Washington Pub. Power Supply Sys.*, 104 Wn.2d 353, 365, 705 P.2d 1195 (1985).

HOUGHTON, C.J., and HUNT, J., concur.

Reconsideration denied May 12, 1999.