[No. 12171.   Department Two.   February 2, 1915.]

W. MANHEIM, *Appellant*, v. STANDARD FIRE INSURANCE
COMPANY, OF HARTFORD, CONNECTICUT, *Respondent*.[1]

INSURANCE—FIRE INSURANCE—WAIVER OF DEFENSES—ACTS OF AD-
JUSTERS — AUTHORITY — STATUTORY PROVISIONS.   In the absence of
proof of special authority, an adjuster's investigation after proofs of
loss are made, and his demand for duplicate invoices from the in-
sured, do not constitute a waiver of objections or estop the com-
pany from defending an action on a fire insurance policy for false
swearing in the proofs of loss, in view of 3 Rem. & Bal. Code,
§ 6059-2, defining an "adjuster" as one who undertakes to ascertain
and report the actual loss due to the hazard or peril insured against;
since the statute having defined the duties of an adjuster, there
could be no presumption of other authority from the fact that he
was acting as adjuster.

INSURANCE—FIRE INSURANCE—POLICY—PROVISIONS—WAIVER.   Un-
der a policy of fire insurance providing that the company shall not
be held to have waived any provision in the policy by any act re-
lating to the appraisal or examination provided for, the defense of
false swearing in making the proofs of loss is not waived by an ad-
juster's investigation after proofs of loss are made or by his demand
for duplicate invoices; since the policy contemplates a full and com-
plete investigation as to the property destroyed and its value.

Appeal from a judgment of the superior court for Yakima
county, Grady, J., entered November 17, 1913, upon the ver-
dict of a jury rendered in favor of the defendant, in an action
to recover losses on fire insurance policies.   Affirmed.

*G. G. Lee*, for appellant.
*Granger & Clarke* and *Fred Parker*, for respondent.

CROW, J.—Two causes of action, to recover for losses sus-
tained by fire, based on separate policies of insurance, are
pleaded herein.   From a verdict and judgment entered on
the first cause of action in favor of defendant, the plaintiff
has appealed.

[1]Reported in 145 Pac. 992.

The complaint in substance alleged, that on November 19, 1912, the respondent, Standard Fire Insurance Company, of Hartford, Connecticut, a corporation, executed and delivered to the appellant, W. Manheim, policy No. 900,501, whereby, for the period of one year, it insured appellant's stock of furnishing goods in a store in North Yakima, against loss by fire, in the sum of $2,500; that other concurrent insurance was permitted; that appellant procured additional concurrent insurance in the sum of $10,000; that the merchandise was totally destroyed by fire on February 12, 1913; that its value was not less than $14,000; that appellant immediately notified respondent of the loss and submitted proofs of loss within sixty days after the fire; that respondent's adjuster investigated the fire and the loss sustained; that appellant fully performed all conditions and stipulations of the policy on his part to be performed, and that, after receiving the proofs of loss, respondent refused to pay the loss which appellant had sustained.

Answering the complaint, respondent alleged that the policy of insurance contained the following provision:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; . . . or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss;"

that, subsequent to the fire, appellant furnished and delivered proofs of loss to respondent in which he stated that the insured property amounted to $14,262.70; that the statement was false; that it was intentionally made for the purpose of deceiving and defrauding respondent, and that the value of the property at the time did not exceed $2,500, as appellant well knew. For affirmative reply, appellant alleged that one A. W. Jones, an adjuster, acting for respondent, after receiving the proofs of loss, demanded of appellant that he fur-

nish the adjuster with duplicate invoices of the goods, wares, and merchandise destroyed; that, in so doing, appellant was put to considerable trouble and expense, and that respondent was thereby estopped from defending on the ground of fraud and false swearing.

The controlling contention which appellant makes by his various assignments of error is that the action of respondent's adjuster in making an investigation after the proofs of loss were made, and in demanding duplicate invoices from appellant, constituted a waiver of objections on the part of respondent and estopped respondent from defending this action on the ground of appellant's false swearing. It is not contended that the verdict of the jury on the issue of false swearing was not sustained by the evidence. We are unable to conclude that respondent waived the defense of fraud and false swearing, or that it was estopped from urging the same. There is no showing that Mr. Jones occupied any position other than that of an adjuster, or that he was authorized to bind the respondent corporation by waiving any of its rights. All he was authorized to do was to investigate the fire, ascertain as nearly as possible the loss which appellant had sustained, and report his findings to respondent. An adjuster and his duties are defined by § 2 of chapter 49, Laws of 1911, at page 163, in the following language:

" 'Adjuster' or 'Insurance Adjuster' is a person, copartnership or corporation who undertakes to ascertain and report the actual loss or damage to the subject matter of the insurance due to the hazard or peril insured against." 3 Rem. & Bal. Code, § 6059-2.

No evidence was presented showing or tending to show that any additional authority was conferred on the adjuster by respondent which would have the effect of empowering him to waive any of respondent's rights or to admit or deny its liability. In the absence of some such showing, his only authority would be to investigate the fire, the amount of property destroyed, and the actual loss sustained, and report

his findings to respondent so that it might determine the question of liability. The statute having defined the duties of an adjuster, no presumption that he had authority to perform other duties and thereby bind the respondent can arise from the mere fact that he was acting as an adjuster. The policy, which in its form and provisions complies with chapter 49 of the Laws of 1911, p. 163, contained the following clause:

"This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal or to the examination herein provided for."

The manifest purpose of this clause is to permit the insurance company to cause a full and complete investigation to be made as to the value of the property destroyed and the amount of loss or damage sustained. The policy expressly provides that the company may examine invoices, or certified copies if the originals be lost, and that by so doing it does not waive any provision or condition of the policy. No construction of insurance laws should be made, if avoidable, which would permit an assured to defraud the insurance company. No assured who is exercising honesty in his dealings will object to a thorough investigation or examination of his books and invoices by an adjuster, after his proofs of loss have been made and delivered to the company. It is not contended that the clause of the policy pleaded in the answer is invalid, nor is it contended that the jury was not justified in finding from the evidence that appellant had in fact made false proofs of loss whereby for fraudulent purposes he intentionally overestimated the amount of property destroyed.

There is nothing in the record which would have justified the trial court in withdrawing the cause from the jury and directing a verdict for the appellant. The judgment is affirmed.

FULLERTON, MOUNT, MAIN, and ELLIS, JJ., concur.