HARRY VINTON *v.* ATLAS ASSURANCE COMPANY, LTD.

February Term, 1935.

Present: POWERS, C. J., MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed May 7, 1935.

*Hubert S. Pierce* for the defendant.

*Raymond L. Miles* for the plaintiff.

MOULTON, J. This is an action of contract upon a policy of fire insurance. The declaration is in the common counts and the answer is the general issue and three special pleas. The first special plea alleges the failure of the plaintiff to give the required notice of loss, but this defense was not raised upon trial. The second alleges that the plaintiff permitted the building covered by the policy to be used as a dance hall and thereby increased the hazard of fire, thus rendering the policy void under its terms. The third sets up that the building was, with the knowledge and consent of the plaintiff, wholly unoccupied for a period of longer than 10 days before the fire, which also by the terms of the contract rendered the policy void. The plaintiff's replication alleged a waiver of those provisions and an estoppel to insist upon them in defense.

Trial was by jury, with verdict and judgment for the plaintiff, and the cause is here on defendant's exceptions.

The policy covered a house "while used for dwelling purposes only," and provided that "unless otherwise provided by agreement in writing added hereto this company shall not be liable for any loss or damage occurring * * * while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days," and in a rider attached to it: "vacancy (which includes unoccupancy) of the premises herein described shall not vitiate this policy provided the conditions of protection warranties 1, 2, 3, or 4 are applicable, otherwise such vacancy is limited to a period not exceeding thirty (30) days in addition to the period permitted by the policy conditions in any one policy year." And also this: "Protection warranty No. 1 as printed below is hereby made a condition of this contract * * * Warranty No. 1. In consideration of the rate of premium at which this policy is written, it is warranted by the insured and made a condition of this contract that at the time when this policy is issued the property is located not over five hundred (500) feet from a public hydrant and within two (2) miles (measured on public highways) of a regularly organized and equipped volunteer or paid available fire department station."

The policy was issued November 25, 1933, and the loss occurred March 18, 1934. The tenant vacated the house on January 6, 1934, and it was not occupied thereafter except during the month of January three dances took place therein. The

nearest hydrant was 1,282 feet distant, and the distance from the nearest available fire station did not appear.

At the close of all the evidence the defendant moved for a directed verdict on the ground that, on the uncontradicted evidence, the building was vacant and unoccupied beyond the period of ten days plus an additional period of thirty days, and was situated at a distance in excess of 500 feet from a hydrant. The motion was overruled, subject to exception.

 The plea alleges only an unoccupancy of ten days, and states nothing concerning a further allowance of 30 days depending upon the application of the warranty to the situation. Yet its sufficiency was questioned only by the replication alleging a waiver of the matter of defense. So having shown that the premises had been vacant for at least 10 days before the loss, the plea was supported, unless its effect was avoided by other provisions in the policy which permitted a longer period of unoccupancy. But this increased period was not enough, in view of the warranty which was the assurance of two facts, the distance of the house from the nearest hydrant and the distance from the nearest fire station, and was broken by the falsity of either. A dwelling house is unoccupied when it is not used as a residence; when it is no longer used for the accustomed and ordinary purposes of a dwelling or place of abode; when it is not the place of usual return and habitual stoppage. *Agricultural Ins. Co. v. Hamilton*, 82 Md. 88, 92, 33 Atl. 429, 30 L. R. A. 633, 51 A. S. R. 457; *Herrman v. Adriatic Fire Ins. Co.*, 85 N. Y. 162, 169, 39 A. R. 644; *Home Ins. Co. v. Boyd*, 19 Ind. App. 173, 49 N. E. 285, 287; *Schuermann v. Dwelling-House Ins. Co.*, 161 Ill. 437, 43 N. E. 1093, 1094, 52 A. R. 377. The period here exceeded 40 days, and so the plaintiff was not entitled to go to the jury, unless there was evidence which, taken in the light most favorable to the plaintiff, tended to show a waiver of this provision of the policy.

The only evidence upon this issue was as follows: Shortly after the fire an adjuster, acting for the defendant, called upon the plaintiff to discuss a settlement of the claim. He was an independent insurance adjuster not employed by any one company, but accepting business from any company which saw fit to avail itself of his services, at a specified *per diem* charge. He was aware, as he testified, that as adjuster he could "waive certain rights" which the company had in reference to the

policy. As a preliminary to the negotiations he requested the plaintiff to sign a nonwaiver agreement, which the latter refused to do. He testified that he called attention to several breaches of the policy conditions, and mentioned the violation of the provision concerning unoccupancy. If the nonwaiver agreement had been signed, he would have made a settlement if an agreement as to the amount of the loss could have been reached, but since the plaintiff refused to sign, he withdrew from the negotiation. The plaintiff testified that the adjuster told him that he would pay the face value of the policy if the fire had not been set. This the adjuster denied. The policy provides that: "No one shall have power to waive any provision or condition of this policy except such as by the terms of the policy may be the subject of agreement added hereto, nor shall any such provision or condition be held to be waived unless such waiver shall be in writing added hereto * * *."

The burden of proof upon the question of waiver was with the plaintiff (*Lamson, etc., Co.* v. *Prudential Fire Ins. Co.*, 171 Mass. 433, 435, 50 N. E. 943), and this included the burden of showing that the adjuster was acting within the real or apparent scope of his authority in making the alleged waiver. *Security Ins. Co.* v. *Fay*, 22 Mich. 467, 7 A. R. 670, 672, 673; *Messelback* v. *Norman*, 122 N. Y. 578, 26 N. E. 34, 35. It has been held that an absolute denial of liability constitutes a waiver of the requirement of presentation of proof of loss, because such denial is equivalent of a declaration that the company would not pay if such were furnished, thus making a compliance with this provision an idle formality which the law will not require. *Mellen* v. *U. S. Health & Acc. Ins. Co.*, 83 Vt. 242, 248, 75 Atl. 273; *Clarke* v. *Travelers' Ins. Co.*, 94 Vt. 383, 391, 111 Atl. 449. And so also, a provision concerning unoccupancy may be the subject of a waiver. *Germania Fire Ins. Co.* v. *Klewer*, 129 Ill. 599, 607, 22 N. E. 489; *Dolliver* v. *Granite State Fire Ins. Co.*, 111 Me. 275, 89 Atl. 8, 12, 50 L. R. A. (N. S.) 1106, Ann. Cas. 1916C, 765; *Home Ins. Co.* v. *Strange*, 70 Ind. App. 49, 123 N. E. 126, 129. But in *Frost* v. *North British, etc., Ins. Co.*, 77 Vt. 407, 414, 415, 60 Atl. 803, the policy, which, like the one before us, was the so-called "Standard Fire Insurance Policy of New York," was construed to mean that while the provision as to proof of loss could be waived by parol, the condition as to unoccupancy was one which must be waived, if

at all, by a writing attached to the contract. In *Smith* v. *Niagara Fire Ins. Co.*, 60 Vt. 682, 691, 15 Atl. 353, 1 L. R. A. 216, 6 A. S. R. 144, it was said that a provision in a policy that a waiver must be in writing is valid and binding, and an agent, though he may have authority to effect a waiver, can do so only in the manner therein stated. No doubt the requirement of a written waiver attached to the policy, being for the benefit of the company, may, in turn, be waived (*Messelback* v. *Sun Fire Office, supra; Bush* v. *Hartford Fire Ins. Co.*, 222 Pa. 419, 433, 71 Atl. 916, 920, 921); but in such case there must be a waiver of two policy provisions, one covering the condition, and the other covering the method of waiver. So here, it is not enough to show that the adjuster had authority to waive and did waive the unoccupancy; it must also appear that he had authority to waive and did waive the requirement that the waiver must be in writing and attached to the policy.

■■ The testimony of the adjuster as to his knowledge of his authority to waive ''certain rights'' of the defendant company is too general and indefinite to take the case to the jury upon the issue of his power to waive the two provisions here material. *Weed* v. *London & Lancashire Fire Ins. Co.*, 116 N. Y. 106, 22 N. E. 229, 232, is in point. The adjuster in that case was, as he was here, an independent adjuster, not an officer or general agent of the company. As such his power was held to be coextensive with the business submitted to him, which was to ascertain the loss and fix and adjust the amount, and beyond that he had no duty to perform and no power to act. It was said that the condition had been broken when the policy was issued and that: ''No agent of such special limited power has any authority to waive an essential condition of the contract.'' In the absence of proof of an authorization, an adjuster, while he may waive requirements of proof of loss, has not, as a matter of law, real or apparent authority to waive a forfeiture for breach of warranty or condition subsequent and thus reinstate the policy. See *Alspaugh* v. *British-Am. Ins. Co.*, 121 N. C. 290, 28 S. E. 415, 416; *Manheim* v. *Standard Fire Ins. Co.*, 84 Wash. 16, 145 Pac. 992; *Mason* v. *Hartford Fire Ins. Co.*, 37 U. C. Q. B. 437, 442.

■■ We need not consider whether the statement attributed to the adjuster, that he would pay if the fire had not been set, would otherwise be evidence upon which the jury

would be justified in finding a waiver of the two clauses of the policy here material, because there was a shortage of evidence tending to show his authority to bind the company by a waiver. What we have said disposes also of the claim of estoppel because an agent who has no authority to waive a policy provision, has no power to estop the company by his acts or statements. *Cohen* v. *Home Ins. Co.*, 6 Boyce (29 Del.) 201, 97 Atl. 1014, 1018. And besides there is nothing to show that the plaintiff, in reliance upon what was said, was induced to put himself in a prejudicial position, which is an essential element of an estoppel. *Stevens* v. *Blood*, 90 Vt. 81, 86, 96 Atl. 697; *Goorberg* v. *Western Assurance Co.*, 150 Cal. 510, 89 Pac. 130, 10 L. R. A. (N. S.) 876, 119 A. S. R. 246, 253, 11 Ann. Cas. 801; and see *Findlay* v. *Union Mut. Fire Ins. Co.*, 74 Vt. 211, 214, 215, 52 Atl. 429, 93 A. S. R. 885.

The plaintiff argues that the agent who issued the policy upon the property knew the location of the hydrant and that this fact precludes the defendant from availing itself of the defense. The knowledge of the agent, at the time of placing the insurance was, no doubt, the knowledge of the company. *Brink & Co.* v. *Merchants' & Mechanics' Ins. Co.*, 49 Vt. 442, 450; *Williams Mfg. Co.* v. *Ins. Co. of North America*, 93 Vt. 161, 175, 106 Atl. 657. But it is enough to say that although it appeared that the agent inspected the premises and formed an estimate of the value, there was no evidence that he knew where the hydrant was situated, or its distance from the building.

It follows that the denial of the motion for a directed verdict was error. It is unnecessary to consider the other exceptions.

*Judgment reversed, and judgment for the defendant to recover its costs.*