## Rosengrant v. National Mutual Assurance Co. et al.

*Roy Pope*, for plaintiff.

*James P. Harris* and *Robert Fleming*, for defendant.

*Arthur Silverblatt*, for additional defendant.

VALENTINE, P. J., February 26, 1951.—Plaintiff brought suit against original defendant, the National Mutual Assurance Company, hereinafter referred to as the National company, upon an automobile collision insurance policy. The General Mutual Fire Insurance and Reinsurance Company, hereinafter called the General company was brought upon the record as additional defendant.

Plaintiff's automobile was involved in two accidents, resulting in damage to the car. The first accident occurred October 8, 1948, as a result of which plaintiff's automobile was damaged to the amount of $262.75. The second accident happened February 11, 1949, and caused damage in the amount of $1,050.

It is the contention of the National company that the loss should be apportioned between it and the General company. The testimony disclosed the following facts: Plaintiff had a collision policy with the General company, which covered an Oldsmobile. He traded the Oldsmobile and obtained the Buick, the car involved in the two accidents. This car was procured under a bailment lease contract, assigned to the General Motors Acceptance Corporation. The General Motors Acceptance Corporation, on its own behalf and on behalf of plaintiff, obtained collision insurance with the National company, as a result of which the policy sued upon was issued. The policy contained a loss payee clause.

By rider attached to the General company policy on February 20, 1948, its coverage was transferred from the Oldsmobile to the Buick. No encumbrances or loss payee clause was written in the change of car endorsement. The policy issued by the General company contained the following provisions:

"This policy does not apply to loss occurring . . . (b) while the automobile is subject to any lien, mortgage or other encumbrance not specifically declared and described in this policy.

The controlling question is whether at the time of the accident there was a valid policy with the General company. If so, the claim should be apportioned between the original and additional defendants. If not, original defendant is alone liable.

It is the contention of the National company that this provision was waived by the General company.

We are unable to conclude that the testimony warrants such a finding. The testimony of plaintiff that "I told him" (Feldman, General company local agent) "that there was an encumbrance on to it", denied by Feldman, is insufficient to warrant a finding that Feldman was, in fact, notified of the encumbrance, especially as plaintiff does not assert that he gave any details concerning the lien, and no notation was made on the policy. Nor can the contention that the provision was waived by Giering, the adjuster, be sustained, (1) because the evidence does not warrant a finding that Giering did anything tantamount to a waiver, and, (2) while an adjuster has authority to waive any condition of the policy incidental to or connected with his investigation of the loss, such as a provision relative to furnishing of proofs of loss or relating to the damage or proof of the same, he has no authority to waive provisions of the policy disconnected with the performance of his duties.

The power and authority of an adjuster is coextensive with the business submitted to him, and that is to ascertain the loss and fix and adjust the amount; beyond this he has no duty to perform and no power to act: 29 Am. Jur. 925, §1239; Bond v. National Fire Insurance Co., 77 W. Va. 736, 751, 88 S. E. 389-94; Vinton v. Atlas Assur. Co., 107 Vt. 272, 277, 178 Atl. 909-912.

We, therefore, conclude that the liability of additional defendant has not been established.

Under the terms of the policy the insurer was permitted to deduct the sum of $50 from the amount of damages resulting from each accident. The liability of defendant (National company) is, therefore, determined as follows: Amount of damage suffered in accident of October 8, 1948, $262.75, less $50, or $212.75, one half of which, $106.38, has been paid, leaving a balance due of $106.37.

Amount of damage sustained as a result of the accident of February 11, 1949, $1,050, less $50, or $1,000, one half of which, $500, has been paid, leaving a balance due of $500.

The policy fixes the time for the payment of a loss at 60 days after proof of loss has been filed and the amount of the loss ascertained.

The date from which the smaller amount should bear interest has not been established, nor does the time when the payment of $106.38 was made appear in the record. As to this amount we conclude that January 1, 1949, would be a reasonable time from which interest should be computed.

The larger amount of $500 should bear interest from September 7, 1949, 60 days after the filing of the supplemental proof of loss.