[No. 2853–3.   Division Three.   March 13, 1979.]

ROSE MARSH, *Appellant,* v. GENERAL ADJUSTMENT
BUREAU, INC., ET AL, *Respondents.*

934

*Critchlow, Williams, Ryals & Schuster* and *Eugene G. Schuster,* for appellant.

*James K. Hayner* and *Eugene T. Golden,* for respondents.

GREEN, C.J.—Mrs. Marsh brought this action against the defendants, alleging that the conduct of their agent with respect to her claim for damages against Whitman College amounted to (1) fraudulent or negligent misrepresentation, (2) a violation of the Consumer Protection Act, and (3) the tort of outrage. The trial court granted the defendants summary judgment on all counts, and Mrs. Marsh appeals.

We view the facts and the inferences therefrom in the light most favorable to Mrs. Marsh, the nonmoving party. In May 1972, Mrs. Marsh was at the music building on the Whitman College campus for the purpose of showing her 6–year–old daughter where she would soon be taking piano lessons. While descending the building's stairway, Mrs. Marsh fell and suffered severe injuries. She reported the

accident to Pete Reid, Whitman's treasurer, and he investigated the accident scene. His conclusion was that the condition of the stairs had not contributed to the accident.

During the months following the accident, Mrs. Marsh consulted several physicians. The extent of her injuries became more apparent as time passed. In the summer of 1974, she again contacted Mr. Reid and he referred the matter to Sherwood & Roberts, Whitman's insurance broker. Sherwood & Roberts in turn referred the claim to Whitman's liability insurance carrier, Great American Insurance, and Great American employed the services of General Adjustment Bureau to investigate the claim.

Joseph Towner, of the Bureau's Walla Walla office, met with Mrs. Marsh at her home on October 22, 1974. He advised her that he saw no liability on the part of the college for her fall, but would submit her claim to the insurance company. Mrs. Marsh stated in her deposition that Mr. Towner told her that it often took 6 months to 1 year to process a claim, and that she was not to be alarmed if she did not hear from him.

The 3–year statute of limitations governing Mrs. Marsh's cause of action against the college expired 7 months later, in May 1975. When Mrs. Marsh heard nothing further from the adjuster or the insurance company, she called Mr. Towner in the fall of 1975, and he advised her for the first time that the company had denied her claim. On deposition, Mr. Towner testified that Mr. David DeLisle, Great American's agent, had notified him of the denial in March, but had instructed him not to contact Mrs. Marsh. Mr. DeLisle disputes this testimony.

■■ First, Mrs. Marsh contends that the defendants are equitably estopped to raise the statute of limitations as a defense. Estoppel by operation of law arises where the acts or statements of the defendant or his agent induce the plaintiff, in reasonable reliance, to act or forbear to act to his prejudice. *Buchanan v. Switzerland Gen. Ins. Co.,* 76 Wn.2d 100, 108, 455 P.2d 344 (1969). Absent circumstances which support estoppel, an insurance company is under no

duty to notify a claimant of the impending expiration of a statute of limitations or to inform a claimant of the denial of his claim. *See Groseth v. Ness,* 421 P.2d 624 (Alaska 1966); and *Kahn v. Lumbermens Mut. Cas. Co.,* 293 F. Supp. 985, 989 (E.D.N.Y. 1968).

Here, Mr. Towner allegedly advised Mrs. Marsh that she should not be alarmed if she did not hear from him in the next 6 months to 1 year concerning the status of her claim. In light of this statement, we cannot say as a matter of law that it was unreasonable for Mrs. Marsh to delay the filing of her suit in the expectation that Mr. Towner would get back to her. Thus, on the estoppel question, issues of material fact exist with respect to whether Mr. Towner made the statement and whether it was reasonable for Mrs. Marsh to rely on it. As to this issue, we reverse and remand for trial.[1]

■ Second, Mrs. Marsh asserts that the company's failure to advise her before the statute of limitations had expired that it had denied her claim was an unfair practice in violation of the Consumer Protection Act, RCW 19.86. She relies on *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 581 P.2d 1349 (1978), as authority for her argument that the practice which is the subject of the complaint need not be one which is designed to induce a sale. In *Salois,* the court held that the Consumer Protection Act prohibited an unfair practice which occurred after the sale of an insurance policy and operated to deny the *insureds* the benefit of the coverage which they had purchased. Here, a consumer relationship never existed between the parties. When the

---

[1] The defendant cites *Central Heat, Inc. v. Daily Olympian, Inc.,* 74 Wn.2d 126, 135, 443 P.2d 544, 44 A.L.R. 750 (1968), where the court held that the plaintiff could not claim estoppel to prevent an inequitable resort to the statute of limitations and at the same time sleep on its rights. There, the inducement for delay ceased to operate before the expiration of the limitation period. Plaintiff had ample time thereafter to institute its action, but failed to do so. Here, Mr. Towner allegedly told Mrs. Marsh not to be alarmed if she did not hear from him for a year. The statute of limitations expired 7 months later. Thus, the alleged inducement for delay in this case operated through the expiration of the statute of limitations.

insurance company dealt with Mrs. Marsh, through its adjuster, it stood in the shoes of its insured, Whitman College. Thus, its relationship with Mrs. Marsh was adversarial in nature. In these circumstances, the Consumer Protection Act is not applicable. *See Bowe v. Eaton,* 17 Wn. App. 840, 846, 565 P.2d 826 (1977).

Third, Mrs. Marsh claims that the court erred when it dismissed her cause of action for the tort of outrage. The elements of this tort are: (1) emotional distress intentionally or recklessly inflicted; (2) outrageous or extreme conduct by the defendant; and (3) severe emotional distress resulting from such conduct. *Grimsby v. Samson,* 85 Wn.2d 52, 530 P.2d 291 (1975). We conclude that the cause of action fails here because the defendants' conduct in failing to notify Mrs. Marsh of the statute of limitations or to advise her that her claim was denied did not amount to outrageous conduct. In the absence of a duty, the failure to advise the plaintiff of an impending statute of limitations cannot be characterized as outrageous.

Affirmed in part and reversed in part.

MUNSON and ROE, JJ., concur.

Reconsideration denied April 17, 1979.