[No. 3193-4-III.   Division Three.   March 4, 1980.]

NORTHSIDE AUTO SERVICE, INC., *Respondent,* v. CONSUMERS
UNITED INSURANCE CO., *Appellant.*

*Steven W. Klug,* for appellant.

*Crane Bergdahl,* for respondent.

GREEN, C.J.—Northside Auto Service, Inc., brought this action against Consumers United Insurance to collect $973.50 for its work in repairing a vehicle owned by the company's insured. The insurance company unsuccessfully moved for summary judgment, and, subsequently, a jury returned a verdict against it. This appeal followed.

The insurance company's assignments of error present four issues: (1) Did the repair shop's complaint adequately plead a cause of action based upon estoppel? (2) Did the repair shop produce substantial evidence in proof of its claim? (3) Was the insurance company denied a hearing on its affirmative defenses? and (4) Did the trial court err when it awarded attorney fees to the repair shop pursuant to RCW 4.84.250?

Viewing the evidence in a light most favorable to plaintiff, the record indicates that Darlene Hill's 16–year–old son was involved in an accident while driving his mother's car in August 1975. The damaged vehicle was towed to Northside Auto, and Mrs. Hill contacted her insurance agent. Consumers United sent the claim to Arlie Heil, an independent adjuster. Mr. Heil negotiated with Glenn Stroud, the owner of the repair shop, concerning the cost of repairing the Hill vehicle. The two men reached an agreed price. Mr. Heil advised Mr. Stroud that he would tell Mrs. Hill that she could authorize the work at Northside. He did so. After the work was done and Mrs. Hill had taken possession of her car, the insurance company notified her that her son was not covered by her policy. Consequently, the company refused to pay the repair shop bill.

In its complaint for payment, the repair shop alleged that:

Arlie Heil reviewed the repair cost estimate prepared by plaintiff for repair of the Hill vehicle and approved the same.

and further:

That based upon the approval and authorization for repairs received from Consumers United Insurance Co.

and justifiable reliance thereon, plaintiff did commence and complete all repairs to the Hill vehicle.

Following trial, the jury returned a special verdict finding that the insurance company was estopped to deny a contract.

First, the insurance company contends that the repair shop's complaint did not state a cause of action based upon equitable estoppel, and, therefore, the company was not prepared to meet the estoppel issue at trial. In its view, the court erred when it allowed the repair shop to present proof in support of its estoppel claim and when it instructed the jury on that issue. We disagree.

Estoppel arises where the acts or statements of a defendant or his agent induce a plaintiff, in reasonable reliance, to act or forbear to act to his prejudice. *Harbor Air Serv., Inc. v. Board of Tax Appeals*, 88 Wn.2d 359, 366–67, 560 P.2d 1145 (1977); *Buchanan v. Switzerland Gen. Ins. Co.*, 76 Wn.2d 100, 455 P.2d 344 (1969); *Marsh v. General Adjustment Bureau, Inc.*, 22 Wn. App. 933, 592 P.2d 676 (1979). Here, the complaint alleged that the work done by the shop had been approved by the insurance company through its adjuster. This allegation includes the elements of a cause of action based upon estoppel. Hence, we find no error in submitting this issue to the jury.

Second, the insurance company asserts that the repair shop did not produce substantial evidence in proof of its estoppel theory. It contends there was no misrepresentation by Mr. Heil and that his statements to Mr. Stroud concerning the repair of the Hill vehicle did not warrant Mr. Stroud's assumption that payment could be expected from the insurance company upon completion of the work. We disagree. Mr. Stroud testified that he and Mr. Heil negotiated an "agreed price" which was equal to the repair shop's original estimate less the storage charges and the $100 deductible. Mr. Heil telephoned Mrs. Hill's mother and told her he had "okayed" the repair of the vehicle by Mr. Stroud's shop. He also confirmed this directly with Mrs.

Hill. While it is true that Mr. Heil never stated specifically that the insurance company would pay for the repairs, a jury could reasonably infer from his statements that the insurance company would be responsible for the work at the agreed price.

██ The company also points out that under RCW 48.17.410,[1] an independent adjuster's license only authorizes the licensed individual to *investigate* claims. The company concludes that Mr. Stroud should have known that Mr. Heil was not authorized to approve the repairs. This argument was addressed in *Buchanan v. Switzerland Gen. Ins. Co., supra.* There, the independent adjuster had represented to the insured that he was authorized to submit proofs of loss and that it was unnecessary for the insured to fill out a loss statement. The *Buchanan* court held that the insurance company was estopped to deny coverage, even though the plaintiff had not shown actual authority on the part of the adjuster. Since abatement of a right by estoppel does not require an intentional, voluntary, or purposeful act by the principal, the court reasoned that the plaintiff had only to establish that the adjuster–agent acted with apparent authority. The court refused to construe RCW 48.17-.410 as limiting an adjuster's apparent authority where circumstances indicate it is broader than that delineated in the statute.[2] A similar construction was given this statute in *United Truck Lines, Inc. v. Employers Mut. Cas. Co.,* 44 Wn.2d 520, 522–23, 268 P.2d 1014 (1954). Insofar as the

[1]Under RCW 48.17.410 "[a]n adjuster shall have authority under his license only to investigate or report to his principal upon claims as limited under RCW 48.17.050 on behalf only of the insurers if licensed as an independent adjuster . . ."

[2]*Buchanan* distinguishes *Manheim v. Standard Fire Ins. Co.,* 84 Wash. 16, 145 P. 992 (1915) and *Henslin v. United States Fire Ins. Co.,* 152 Wash. 637, 278 P. 702 (1929), relied upon by the insurance company here, as cases dealing with waiver, which require a voluntary act on the part of the principal, rather than estoppel, where such an act is not required.

trial court's instruction No. 12[3] may be interpreted to construe the statute differently, it was error. It is noted that the repair shop took exception to this instruction at trial. Since they prevailed, the error need not be assigned on appeal.

Accordingly, one of the principal issues here is whether Mr. Heil had the apparent authority to approve the repair work on behalf of the insurance company. Circumstances are sufficient to establish apparent authority when an ordinarily prudent person reasonably conversant with business practices and customs would have been misled thereby. *Lamb v. General Assocs., Inc.,* 60 Wn.2d 623, 374 P.2d 677 (1962); *J & J Food Centers, Inc. v. Selig,* 76 Wn.2d 304, 456 P.2d 691 (1969). Here, Mr. Stroud testified that as a businessman of 22 years' experience, he has never required an adjuster who authorizes work to furnish proof of his authority to act on the principal's behalf. The inference from this testimony is that in the ordinary course of business, insurance companies stand behind the acts and statements of their adjusters when they approve repairs. Hence, Mr. Stroud's testimony is sufficient to support a finding of apparent authority in Mr. Heil to authorize repair of the vehicle and the insurance company should be estopped from denying its liability.[4]

---

[3]Instruction No. 12 reads:

"By statutory law, an independent adjustor has authority under his license only to investigate or report to the insurance company. The existence of that statutory limitation is considered to be a matter of public knowledge. No presumption arises that the adjustor has authority to perform other duties for the insurance company, including contracting for repairs to an insured's vehicle. In other words, the adjustor does not have the apparent or implied authority to do more than investigate or report. The statute does not prohibit nor make it unlawful for an adjustor to exercise additional authority if such authority is actually given to him, but the plaintiff has the burden of proving that such actual authority was given to the adjustor to, in this case, enter into a contractual relationship with the plaintiff on defendant's behalf.

[4]In view of this holding, we need not consider the challenge to the other theories relied upon by the repair shop during trial.

Our conclusion is buttressed by Mr. Heil's testimony that the insurance company had misplaced the policy and was unaware that it contained an exclusion for under 25–year–old drivers. Notwithstanding, the company requested Mr. Heil to adjust the claim and as a result of his contacts with Mr. Stroud, Mr. Heil requested a draft from the insurance company for the agreed cost of repair. Subsequently, the company found the policy and determined there was no coverage based upon the exclusion. By that time, Northside Auto had repaired the car and released it to Mrs. Hill. At no time did Mr. Heil ever inform Mr. Stroud that their agreement was subject to a determination of coverage.

Third, the insurance company claims that it was denied a hearing on the affirmative defenses raised in its answer. These defenses were based upon an earlier action in which the repair shop had obtained a judgment against Mrs. Hill for the cost of repairing her vehicle. The insurance company contends that the action against Mrs. Hill amounted to an election of remedies by the repair shop. It further argues that the doctrines of res judicata and estoppel apply here, since the repair shop allegedly had a full opportunity to assert its claim against it in the first action. Apparently, the repair shop had attempted to join the insurance company as a party in the earlier action, but was unable to do so because of a procedural error.

Although there are only a few references in the record to the Hill judgment, it is evident that the trial court determined, as a matter of law, that the judgment did not preclude this action. During argument on its motion for judgment notwithstanding the verdict or for a new trial, the insurance company contended that it had a right to at least a nonjury hearing on its affirmative defenses. In answer, the trial judge stated that the matter had already been resolved. Unlike the trial judge, we are not in possession of the file in the Hill action. Thus, we are not in a position to assess the correctness of the trial court's oral ruling. Moreover, the insurance company has not shown why these

issues could not have been determined based upon the file alone, without a hearing. Consequently, we find no error.

Fourth, error is assigned to the trial court's award of $1,000 in attorneys' fees to the repair shop. The award was made pursuant to RCW 4.84.250, which provides:

> [I]n any action for damages *where the amount pleaded by the prevailing party* as hereinafter defined, *exclusive of costs, is one thousand dollars or less,* there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees.

(Italics ours.) The insurance company asserts that the statute is not applicable because "the amount pleaded by the prevailing party", here the repair shop, was more than $1,000.

In its complaint, the repair shop alleged:

> That the defendant, Consumers United Insurance Company is responsible to plaintiff for the remaining indebtedness incurred in repairing the vehicle *in the sum of $973.50, together with interest thereon* at the rate of twelve (12) percent per annum, from and after October 31, 1975.

(Italics ours.) It is undisputed that the judgment with the interest is in excess of $1,000. However, it would defeat the purpose of RCW 4.84.250 to consider interest in determining whether a claim comes within the statute. The obvious legislative intent is to enable a party to pursue a meritorious small claim without seeing his award diminished in whole or in part by legal fees. If interest were included, a defendant could circumvent this legislative intent by delay where a small amount of interest could increase the damages over the statutory limit. A losing party should not be permitted to defeat the purpose of the statute by his own act. Thus, we hold that the term "amount pleaded", as used in RCW 4.84.250 means the basic claim for damage without interest. The award of attorney fees was not error.

The repair shop's request for sanctions under RAP 18.9(a) is denied, as the insurance company's appeal presents meritorious issues.

Affirmed.

MUNSON, J., concurs.

ROE, J. (dissenting)—I am forced to dissent in this case because I do not think this independent adjuster had the authority, apparent or real, to bind this principal for the repair contract, nor did he do so by his words or conduct.

I also dissent regarding the allowance of attorney's fees under RCW 4.84.250 because it is allowed only when the amount *pleaded* is not more than $1,000. The plea of the plaintiff was "$973.50, *together with interest thereon.*" (Italics mine.) That indisputably raised the account above $1,000. There are other laws such as those which may make application to courts of limited jurisdiction in causes of $1,000 or less which force the litigant possibly to forego interest in order to receive the benefit of such a speedy disposition of his case. Plaintiff could have limited his plea accordingly.

Reconsideration denied June 3, 1980.