Ione BROWN, Plaintiff-Appellant,

v.

UNITED FIRE & CASUALTY CO., Defendant-Appellee,

and

GAB Business Services, Inc., Defendant.

No. 87-1293.

Court of Appeals of Iowa.

Sept. 28, 1988.

As Corrected Feb. 6, 1989.

business and real estate on contract to Phyllis Shank. In 1986 the building housing the tavern was destroyed by fire. At that time the purchaser, Shank, still owed Brown a substantial amount of money under the contract. The property's insurer paid the entire amount of the insurance proceeds to Shank, who allegedly stopped making contract payments to Brown.

Brown later filed the present suit against the insurer, UFC, and against the insurance adjustment firm, GAB Business Services (GAB), which had investigated the claim. Brown alleged that an employee of the adjustment firm had guaranteed her that she would be compensated by the insurer for her interest in the property as a contract vendor. The insurer moved for summary judgment alleging that the adjustment firm and its employees were not agents of the insurer. The district court granted the motion.

■ In reviewing the grant or denial of a summary judgment motion, we view the underlying facts contained in the pleadings and the inferences to be drawn therefrom in the light most favorable to the party opposing the motion, and give to that party the benefit of any doubt as to the propriety of granting summary judgment. *D.R.R. v. English Enterprises, CATV*, 356 N.W.2d 580, 582 (Iowa App.1984). Our task on appeal is to determine only whether a genuine issue of material fact exists, and whether the law was correctly applied, and to reverse the grant of summary judgment if it appears from the record there is an unresolved issue of material fact. *Meylor v. Brown*, 281 N.W.2d 632, 634 (Iowa 1979).

■ The question of whether a principal-agent relationship exists is one of fact. *Pay–n–Taket, Inc. v. Crooks*, 259 Iowa 719, 724, 145 N.W.2d 621, 624 (1966) (citations omitted). Even when the facts are undisputed, however, summary judgment is inappropriate if reasonable minds may draw different inferences from them. *Colonial Baking Co. v. Dowie*, 330 N.W.2d 279, 282 (Iowa 1983).

L.W. Courter and Bruce L. Anderson, of Doran, Courter, Quinn & Doran, Boone, for plaintiff-appellant.

Ross H. Sidney and Mark W. Thomas, of Grefe & Sidney, Des Moines, for defendant-appellant UFC.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

OXBERGER, Chief Judge.

Plaintiff appeals the trial court's grant of summary judgment in favor of United Fire and Casualty Company (UFC). She claims the court erred in finding that there was no genuine issue of material fact. We reverse.

Plaintiff Ione Brown formerly owned a neighborhood tavern. In 1980 she sold the

■ We are faced with two issues: 1) Was there an agency relationship between UFC and GAB; and 2) If there is an agency relationship, did Rehnmann have authority to bind UFC to pay Brown for her loss. It is undisputed that GAB, through its employee Rehnmann, was engaged by UFC to investigate the fire scene and to contact and speak with the parties. He was to observe the premises, take photographs, secure measurements, detail a preliminary scope of damages, visit with the insured, secure statements, talk with authorities as to what their thoughts were on the cause of the loss.

UFC maintains the relationship was an independent contractor. A person can be both an agent and an independent contractor. *D.R.R. v. English Enterprises, CATV*, 356 N.W.2d 580, 583 (Iowa App. 1984) (citing Restatement (Second) of Agency 2(3), 1958). We hold there is sufficient evidence to generate a fact question concerning whether GAB was an agent of UFC.

■ We now turn to the second issue concerning the scope of authority UFC granted GAB. Rehnmann spoke with both Phyllis Shank and Ione Brown. During their conversation, Rehnmann indicated that he had been sent to handle the insurance claim. Rehnmann was made aware of Ione Brown's considerable financial interest in the property both through their meeting and through inspection of the parties' agreement. Rehnmann specifically represented to Brown that she was entitled to a portion of the insurance proceeds and that her name would appear on the insurance draft. Brown relied on Rehnmann's statements and took no further action to protect her financial interests.

Following his investigation of the fire Rehnmann advised UFC of the contractual relationship between the parties and recommended that the check be issued in both names. Rehnmann testified that it was the usual practice for the insurance company to inform the adjuster as to whether or not the proposed recommendations would be followed and the reason for such action. This practice was not followed in this case.

The insurer paid the entire amount to Phyllis Shank. GAB delivered the check to her.

The record reveals that GAB was engaged to handle many phases of the fire claim from investigation of the fire damage to delivery of the check and no employee of UFC had contact with either Phyllis Shank or Ione Brown. Rehnmann testified in his deposition:

Q. So do you, as a general policy, make these guarantees? A. I will make those guarantees if it's within our authority on a certain file and we've settled this. Then it's a closed issue and that will stand.

In *Mayrath Co. v. Helgeson*, 258 Iowa 543, 548, 139 N.W.2d 303, 305 (1966), the court said:

The liability of the principal for the acts and contracts of his agent is not limited to such acts and contracts of his agent as are expressly authorized, necessarily implied from express authority, or otherwise actually conferred by implication from the acts and conduct of the principal. All such acts and contracts of the agent as are within the apparent scope of the authority conferred on him are also binding upon the principal. Apparent authority, or ostensible authority, to do such acts or to make such contracts, is that which, although not actually granted, has been knowingly permitted by the principal or which he holds the agent out as possessing.

... The powers of the agent are prima facie coextensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals (citations omitted).

In *Northside Auto Service v. Consumers United*, 25 Wash.App. 486, 607 P.2d 890, 893 (1980), the court affirmed a judgment against an insurance company. *Id.* The insurance company denied it gave authority to the independent adjuster to approve payment of a claim. The court said:

Circumstances are sufficient to establish apparent authority when an ordinarily prudent person reasonably conversant

with business practices and customers would have been misled thereby.

*Id.*

We hold that there exists a genuine issue of material fact as to whether UFC granted authority to GAB to bind UFC to pay Brown for her loss. Accordingly, we find error in the trial court's grant of defendant's motion for summary judgment.

REVERSED.